CITY COUNCIL OF ABBEVILLE v. LEOPARD.

1. CITIES AND TOWNS—PROSECUTIONS—CRIMINAL LAW.—A prosecution by a city or town for violation of its laws in its own name, is not violative of constitutional provisions as to how process shall run, and is sanctioned by long usage and many decisions.

2. IBID.—CONCEALED WEAPONS.—THE CITY OF ABBEVILLE has power to pass an ordinance prohibiting carrying a weapon concealed about the person within the municipality, but not providing for forfeiture of such weapon to the city.

Before BENET, J., Abbeville, February, 1901.   Reversed.

Prosecution by the city council of Abbeville against J. D. Leopard for carrying weapon concealed on his person within municipal limits.   From order of Sessions Court sustaining defendant's appeal and reversing judgment of city council, the city council appeals.

*Mr. M. P. DeBruhl,* for appellant, cites: *Powers granted city of Abbeville:* 21 Stat., 1134; 22 Stat., 70, 464. *Under these powers it could pass the ordinance:* 58 S. C., 427. *Both municipal and State authorities may punish same act:* 29 S. C., 355; 58 S. C., 433; 11 S. C., 288. *Part of ordinance providing for forfeiture of weapon may be stricken out, and a valid ordinance remain:* 20 L. R. A., 79; 26 L. R. A., 681; 85 Cal., 211; 32 L. R. A., 530. *Not necessary to prosecute persons violating municipal ordinances in the*

*name of the State:* 21 Stat., 1134; 24 S. C., 163, 158; 16 S. C., 51; 21 S. C., 318; 15 Ency. P. & P., 421, 422; 10 L. R. A., 60.

*Mr. Ellis G. Graydon,* contra, cites: *City council had no right to pass the ordinance:* 21 Stat., 1134; art. I., sec. 17, Con.; 23 Stat., 446; 13 Ency., 2d ed., 1074. *Process should run in name of State:* Con., art. V., sec. 31; 49 S. C., 332.

July 12, 1901.  The opinion of the Court was delivered by

Mr. Justice Pope.  The defendant, J. D. Leopard, was tried in the mayor's court for the city of Abbeville upon information under oath charging him with having carried concealed about his person, on the 2d February, 1901, a pistol, in violation of an ordinance duly passed by the city of Abbeville on the 25th day of March, in the year 1897, wherein it was ordained that any person who should after the date of said ordinance carry a pistol concealed about his person, shall be guilty of a misdemeanor, and upon conviction thereof before the mayor or city council, shall forfeit to the city council the weapon so carried concealed, and shall be fined in a sum of not less than $10 nor more than $100, or be imprisoned not more than thirty days.  The warrant for the arrest of the said J. D. Leopard was indorsed in these words: "The city council of Abbeville against J. D. Leopard," and all proceedings in the case were entitled in the same manner. The defendant was found guilty and sentenced to pay a fine of $25, or be imprisoned thirty days.  From this judgment the said J. D. Leopard appealed to the Circuit Court (the Court of General Sessions for Abbeville County, in this State,) upon the two grounds: *first,* that the city council of Abbeville was without power to pass the ordinance against carrying concealed weapons, and, therefore, had no right to try said J. D. Leopard for such alleged offense; and, *second,* because the whole proceeding was null and void, for the reason "that the warrant does not run and the prosecution was

not conducted in the name of the State of South Carolina, as required by the Constitution."

The appeal came on to be heard by his Honor, Judge Benet, on 21st day of February, 1901, when he sustained the appeal in the following order: "The defendant, J. D. Leopard, appeals to this Court from a verdict and sentence of the mayor's court of the city of Abbeville, on a charge of carrying a concealed weapon, in volation of an ordinance of said city. The grounds of appeal objecting to the jurisdiction of said court raise the points that the ordinance passed by the city council is null and void, because the warrant is not issued and the prosecution was not conducted in the name of the State of South Carolina, as required by sec. 31, of art. V., of the Constitution of 1895. The ordinance in question prohibits the carrying of concealed weapons, and provides that any offense against the same shall be punished by forfeiture of the weapon to the city council of Abbeville, and by fine not exceeding $100, or imprisonment at hard labor not exceeding thirty days. In my opinion, both said grounds of appeal are well taken. I hold that said ordinance is null and void, for want of power in the city council to enact the same. I also hold that prosecutions for all criminal offenses must be conducted in the name of the State of South Carolina, under the positive requirement of sec. 31, of art. V., of the Constitution of 1895, identical with sec. 34, of art. IV., of the Constitution of 1868.

"It is, therefore, on motion of Ellis G. Graydon, defendant's attorney, ordered and adjudged, that the appeal of the defendant be sustained; that the verdict and judgment of the mayor's court of the city of Abbeville be set aside and reversed; that the recognizance of the defendant be cancelled, and that the said defendant, J. D. Leopard, be allowed to go hence without day."

Thereupon the city council of Abbeville appealed from the judgment of Judge Benet on the following grounds:

"1. Because his Honor erred in holding that said ordi-

nance of the city of Abbeville is null and void for want of power in the city council to enact the same.

"2. Because his Honor, the Circuit Judge, erred in sustaining the defendant, J. D. Leopard's, first exception to the judgment of the mayor's court, and holding as therein contended, 'that the city council of Abbeville has no jurisdiction to pass an ordinance against carrying concealed weapons, and, therefore, no right to try a person for an alleged offense against such illegal and void ordinance.'

"3. Because his Honor, the Circuit Judge, erred in holding that said ordinance 'provides that any offense against the same shall be punished by forfeiture of the weapon to the city council of Abbeville, and by fine not exceeding $100, or imprisonment at hard labor not exceeding thirty days,' it being respectfully submitted that an inspection of the ordinance will show that this statement of its provisions is not correct.

"4. Because the provisions in said ordinance that any person carrying a concealed weapon shall, on 'conviction thereof before the mayor or city council, forfeit to the city council the weapon so carried concealed, and be fined in a sum of not less than $10 nor more than $100, or be imprisoned not more than thirty days,' is not in violation of any provision of the Constitution of this State, and his Honor, the Circuit Judge, should have so held.

"5. Because his Honor, the Circuit Judge, should have held that, even if the provision in said ordinance for forfeiture of such weapon is in conflict with the statute of this State against carrying concealed weapons, such provision could be stricken out and a complete and valid ordinance would remain.

"6. Because his Honor, the Circuit Judge, erred in holding that all prosecutions for violations of municipal ordinances must be conducted in the name of the State of South Carolina.

"7. Because his Honor, the Circuit Judge, should have held that sec. 31, of art. V., of the Constitution of 1895, does

not apply, and was not intended to apply, to prosecutions for offenses against municipal ordinances, but applies only to prosecutions for offenses against the State.

"8. Because his Honor should have held that a violation of a municipal ordinance is an offense against the municipality and not against the State, and that no prosecution can be maintained by the State for violation of such ordinances.

"9. Because his Honor erred in adjudging that the appeal of the said J. D. Leopard be sustained, that the verdict and sentence of the mayor's court be set aside and reversed, that the proceedings be dismissed, and that recognizance of the defendant be cancelled, and that he be allowed to go hence without day."

There are only two questions of any moment involved in this appeal, viz: *First.* Is the proceeding of the city council of Abbeville void by reason of its failure to have its process run in the name of the State of South Carolina? *Second.* Was the ordinance of said city council of Abbeville within the powers with which it is invested by the General Assembly of this State?

We will dispose of these questions in their order. The Circuit Judge was so impressed with the language of the Constitution of this State, adopted in the year 1895, and set out in sec. 31, of art. V., that he felt bound to deny to the city council of Abbeville the right in its corporate name to prosecute the defendant for the violation of one of its ordinances. The language employed in said sec. 31, of said art. V., is as follows: "All writs and processes shall run and *all prosecutions* shall be conducted in the name of the State of South Carolina" (italics ours). We fear that the learned Circuit Judge for the moment overlooked the distinction between offenses against the general laws of the State which affect and govern its entire citizenship, or, to be more accurate, all of its inhabitants, and those offenses which consist in a breach of the laws governing the inhabitants of a city or town in this State within the corporate limits of such city or town. This distinction was recognized and enforced

as early as the year 1787, as will be seen in the case of *Mc-Millen* v. *The City Council of Charleston,* 1 Bay, 46.   In the case cited, the city council of Charleston had assumed jurisdiction to try the defendant for a violation of a State law.   The Court denied it any such power.   It was then declared: "As to the conviction, this was for the offense of selling spirituous liquors—an offense neither cognizable by them either under their charter or the act of 1784, any more than *homicide* or *manslaughter.*   It is not an offense against *any* of their by-laws; therefore, their power to commit did not extend to this offense.   It is an offense against the public revenue act of the State.   This act is *not* one of the by-laws of the city corporation, but a *public* law, cognizable only by the Supreme Court throughout the State."   The practice of prosecuting offenses against the ordinances of a city or town in the name of the city or town council of the particular city or town affected, is hoary with age.   It has existed far beyond the century last passed.   No particular value can be ascribed to the phraseology used in sec. 31, of art. V., of the Constitution of 1895, for the identical language was employed in sec. 31, of art. IV., of the Constitution of 1868.   And an examination of the second section of art. III. of the Constitution of 1790, will show this language as there employed: "The style of all process shall be 'The State of South Carolina.'   All prosecutions shall be carried on in the name and by the authority of the State of South Carolina."   See vol. I. of Stat. at Large, p. 189.   The power is always given to municipal corporations in this State to sue and be sued by their corporate names.   This has always been accepted as authorizing a prosecution in the corporate name for an infraction of municipal ordinances, as the multitude of cases in the reports of this State shows. · Such being the law in this State, the Constitution of the year 1895, retained all such laws.   See sec. 10, of art. XVII.   Such being our view, we sustain all of the exceptions relating to this question.

We will now examine the question touching the power of

the city council of Abbeville to pass the ordinance in question. Whenever the power of the city council is challenged, it must always be able to lay its finger upon some express grant of power by the General Assembly of this State.

2    Inherently it has no power. By referring to the act incorporating the city of Abbeville, as found at page 1134 of 21 vol. of Stat. at Large of this State, at section 6, we find such municipality was clothed with the power to make ordinances: "* * * and such other matters pertaining to the concerns of said corporation as shall be proper, necessary or advisable for the preservation or safety of the peace, order, comfort, health, convenience and welfare of the citizens of said city; may fix and impose fines and penalties for the violation of law or its ordinances, but no fine or penalty shall exceed $100, or imprisonment in the guard house for a longer period than thirty days. * * *" We consider this a grant of power to make an ordinance against carrying a pistol concealed about the person. But if there was any doubt as to the foregoing grant of power, such doubt is set at rest by the act of 1896, by which said city of Abbeville is clothed with full power to do so. See 22 vol. of Stat. at Large, page 67, which last was made to apply to the city of Abbeville by the provisions of an act passed in the year 1897 and found in the 22 vol. of Stat. at Large, page 464. The act of 1896, just referred to, at section 11, gives town councils full power to pass an ordinance such as that in question. Although we hold that the General Assembly of this State has clothed the city council of Abbeville with power to pass the ordinance for the violation of which the defendant was convicted, yet we hold, at the same time, that it had no power to affix the penalty of a forfeiture of the pistol used by defendant. No such power is conferred by the Constitution. But this does not affect the defendant, who was only sentenced to pay a fine or be imprisoned. It is no longer an open question in this State as to the power of a municipal corporation by its ordinances to make an act or acts offenses within its chartered limits which are already a violation of

State laws.    See *State ex rel. Burton* v. *Williams*, 11 S. C., 292; *City Council* v. *O'Donnell*, 29 S. C., at page 368; also *City of Greenville* v. *Kemmis*, 58 S. C., 427.    The exceptions of appellant where conformable to the foregoing views are sustained.    It follows, therefore, that the judgment of the Circuit Court must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case be remanded for the enforcement of the judgment of the city council of Abbeville against the defendant, J. D. Leopard.