STATE v. SANDERS.

1. PRACTICE—CONTINUANCE—DISCRETION.—It. is not abuse of discretion to refuse to continue a case called for trial next day after true bill found, because the solicitor on the day before handing out the bill stated to defendant's attorney that he would not hand out a bill at that term of Court, but on following day, at request of grand jury, handed out the bill, there being no showing that defendant had made any effort to get her witnesses.

2. CRIMINAL LAW—MUNICIPALITY.—A party may be convicted of the same offense, by both a municipal Court and a Court of General Sessions.

3. AN EXCEPTION stating remarks of Judge not set out in "Case," with their connections, will not be considered.

4. DISCRETION.—Sentence within limits of law is within discretion of Judge.

Before TOWNSEND, J., Sumter, November term, 1902. Affirmed.

Indictment against Judy Sanders. From judgment, defendant appeals.

*Mr. L. D. Jennings,* for appellant.

*Solicitor John S. Wilson,* contra.

March 9, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The appellant was tried and convicted of keeping a bawdy house at the November term, 1902, of the Court of General Sessions for Sumter County, and duly sentenced by his Honor, Judge Townsend. After judgment, the defendant, appellant, appealed from such judgment on four exceptions, as follows:

"1. It is respectfully submitted that the presiding Judge abused his discretion in forcing the defendant to trial under the circumstances and facts in this case, in that his Honor would not allow the defendant time in which to get her

witnesses and testimony, and in forcing her to trial, when the solicitor, John S. Wilson, Esq., had informed her attorney on Wednesday night, November 6th, that he would not give out a bill at that term of Court, and in forcing her to trial on Friday morning, November 8th, when a true bill had not been found until Thursday, November 7th, and she had no time in which to get ready, not expecting to be tried at that term of the Court, after the State's attorney had said he would not give out a bill at said term of Court, and she was taken wholly by surprise.

"2. It is respectfully submitted that his Honor committed error of law in admitting testimony relating to keeping the same kind of house prior to the conviction in the mayor's court, in that defendant could not be convicted in the Sessions Court for keeping the same house, at the same time and for the same offense for which she had been tried and convicted in the mayor's court.

"3. It is respectfully submitted that the Circuit Judge erred in using the following language in the presence of the jury: 'Yes, sir, and a house where liquor is kept. For a fact, on one occasion there was a glass of liquor sent from her house by her little son.' Mr. Jennings, on the part of the defendant, objects. The Court: 'I suppose they could get along without your whiskey.' In that his Honor, by such expression, intimated to the jury that the testimony was sufficient to convict without any proof of the selling of whiskey.

"4. It is respectfully submitted that his Honor abused his discretion in passing sentence on the defendant, in that the said sentence for six hundred dollars or for eighteen months, is oppressive, unreasonable and improportionate to the offense for which the defendant was convicted."

We will now pass upon these exceptions in their order.

1. From the "Case," it is made to appear that at night, on the 6th day of November, 1902, the solicitor stated to defendant's counsel that he would not give out a bill, though

13—68

on the next day, the 7th of November, 1902, the said solicitor did give out a bill against the defendant, to the grand jury, which returned a true bill on that day, and that on the next day the Circuit Judge overruled the defendant's motion for a continuance. It would seem, therefore, that the defendant could not have been much put out by the remark of the solicitor, on Wednesday night of the 6th of November, 1902, that he would not give out a bill of indictment against her at that term of the Court. It was not likely that more than fourteen hours, including the hours of night time of the 6th of November, 1902, had intervened between the remark of the solicitor and handing out the bill of indictment. The fact is that the grand jury insisted that the bill should be given out, and the solicitor felt it to be his duty to hand out the bill at the request of the grand jury. The solicitor with great propriety admitted his conversation with defendant's attorney on the night of the 6th and that at the request of the grand jury he gave out a bill on the 7th. There was no showing made that the defendant's attorney had made any effort to get his witnesses before the Court on the 8th November, 1902, when it was called for trial, nor was it shown that such witnesses lived outside of the city of Sumter, S. C., nor was it shown that any of such witnesses lived outside of the limits of Sumter County, nor did the attorney for defendant offer to state what his witnesses would prove, so that the solicitor could admit that they would so swear. The Constitution of our State requires that the defendant "in all criminal prosecutions shall enjoy the right to a speedy trial." See sec. 18, of article I. As before remarked, the Circuit Judge ordered the trial to proceed. This Court has repeatedly held that the matter of continuance is within the discretion of the Circuit Judge. *State* v. *Way,* 38 S. C., 333, where it is said: "This matter of continuance is confided to the wise discretion of the Circuit Judge, as this Court has repeatedly and uniformly held." The recent case of the *State* v. *Judy Sanders, ante,* 138, when on trial for selling liquor under similar

circumstances to the present, is full authority to this holding of the Court.    This exception is overruled.

2. It is entirely competent for a defendant to be tried for a breach of a city ordinance relating to keeping a bawdy house, and afterwards being tried for keeping a bawdy house in the Court of General Sessions, under the State law.

2    One is an offense committed by a corporator and the other is as a citizen of the State.    The one offense is breach of a corporate regulation and the other is a breach of a general law for the whole State.    This doctrine is well stated in the opinion rendered by the late Chief Justice Mc-Iver, in *City Council of Greenville* v. *Kemmis,* 58 S. C., 433, where it is said: "The utmost that can be said is that the municipal corporation, under the authority vested in it by its charter, has seen fit to make an act done within the corporate limits a criminal offense which the legislature has not seen fit to constitute an offense.    Indeed, it is well settled in this State, at least, that the same act may be made an offense both against the State and the municipal law.    As that great jurist, Judge Cooley, expresses it, in his work on Constitutional Limitations, at page 199, of second edition: "Indeed, the same act may constitute an offense both against the State and municipal corporation, and both may punish it without violation of any constitutional principle * * *'"    And the late Chief Justice cites in support of his position, *Rogers* v. *Jones,* 1 Ward, 261; *Cross* v. *North Carolina,* 132 U. S. Rep., 131; *State ex rel. Burton* v. *Williams,* 11 S. C., 288; *City Council* v. *O'Donnell,* 29 S. C., at pages 368, 369, and other cases.  ˙ This exception is, therefore, overruled.

3. This exception is overruled, because the "Case for appeal" fails to show in what connection such language was used by the Circuit Judge.    It only appears in the exception.    Numerous decisions of this Court have expressly

3    ruled that the ground upon which the exception is based must be set out clearly in the "Case" itself. *Lites* v. *Addison,* 27 S. C., 226; *Welch* v. *Gleason,* 28 S. C.,

347; *Daniel* v. *Hester,* 29 S. C., 147; *Hodges* v. *Tarrant,* 31 S. C., 608; *Brown* v. *McWhite,* 30 S. C., 356.

4. This exception must be overruled. Sentences within the limits fixed by law for the punishment of a violation of such law are ruled by the discretion of the Circuit Judge. *The State* v. *Judy Sanders, ante,* 138, decided at this term of Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.