### 7440

### CITY OF ANDERSON v. SELIGMAN.

CITIES AND TOWNS—GAMBLING.—The mayor of a city may try one charged with gambling under a valid ordinance although the crime of gambling under the statute was then triable in the Court of General Sessions.

Before ALDRICH, J., Anderson, Fall term, 1909. Reversed.

Indictment by City of Anderson against M. Seligman, B. Hillman and I. Gierberg. From order reversing sentence of mayor, City of Anderson appeals.

The Circuit decree is:

"There are several grounds of appeal, but the only one considered by the Court in sustaining the appeal and vacating and setting aside the judgment below is upon the question of jurisdiction. It being contended by the appellants and held by the Court that the measure of the jurisdiction

of a municipal court is the jurisdiction of a magistrate's court, and since a magistrate under the laws of this State is without jurisdiction to try and punish one for the offense of gambling, a *fortiori* a municipal court is likewise without such jurisdiction. The statute governing the question is found in sec. 2003 of the Civil Code, and is as follows:

" 'The intendants or mayors of the city and towns of this State * * * shall have all the powers and authority of magistrates in criminal cases within the corporate limits and police jurisdiction of their respective cities and towns, etc.'

"It being conceded that a magistrate has no jurisdiction of the offense of gambling, and the jurisdiction of the mayor's court being regulated by the statute above quoted, it has no jurisdiction either, unless it is acquired somewhere else.

"It is contended by the respondent that such power and authority is conferred by the act of 1898, re-enacted as sec. 1999, Civil Code, and which is as follows: 'The city councils and town councils of the cities and towns of the State shall, in addition to the powers conferred by their respective charters, have power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting the roads, streets, markets, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and towns, or for preserving health, peace, order and good government within the same. And the said city or town council may fix fines and penalties for the violation thereof, not exceeding one hundred dollars fine or thirty days'

imprisonment: Provided, That such rules, by-laws and ordinances shall not be inconsistent with the laws of this State.'

"If we construe this act to mean that town councils, in in addition to the offenses municipal courts already have jurisdiction of, may make penal such other matters as are not already criminal by State statutes and the common law and placed beyond the jurisdiction of magistrates, there would be no inconsistency between this act and the act limiting the jurisdiction to that of a magistrate's court, the construction contended by the city would impute to the legislature the intention to confer upon town councils the power to take to themselves jurisdiction not only of those offenses expressly excepted in the first act, sec. 1999, by simply restricting the punishment within the prescribed limits, but to acquire jurisdiction of every offense in the whole range of the criminal law, including murder, manslaughter, burglary, arson and all other felonies. We do not think the legislature intended this. It does not help matters to say the Constitution expressly excepts these offenses from the class the legislature may clothe inferior courts with the power to try, for at the time these acts were passed the Constitution of 1895 had not been adopted, and in construing an act it must be done as of the time it was passed.

"The construction we contend for is such an one as will enable both sections to stand, and this is a favored rule of construction. The act we are considering says in terms that the power granted must be exercised in a manner not inconsistent with the laws of the State, and the opposite

construction makes it inconsistent with sec. 1999. To hold that town councils have the power claimed for them will, if exercised, bring them into conflict with Circuit Courts, as where they essay to try and punish criminals for higher offenses, it seriously interferes with the Court of General Sessions dealing with the same cases. In view of the decisions of our higher courts, State and Federal, and the writings of our greatest legal authors, all will admit that this does not violate the constitutional inhibition of putting one in jeopardy twice for the same offense, but none will deny that it is wrong. When a prisoner is convicted in the Court of General Sessions for gambling or selling liquor, and comes up for sentence and faces the Judge with the announcement that he has already been convicted and punished in the city court for the same offense, it paralyzes the judicial arm, it ought to do it, and with every Judge who is imbued with the spirit of our institutions and genius of our people it will do it. This state of the law was not reached until after a long and zealous struggle between the highest courts and the greatest jurists of the age, but like every contest between those who contend for the liberty of the citizens upon the one hand, and the concentration of power on the other, the cause of liberty went down. There is no higher right nor one better protected, as our ancestors in their time and we in ours, suppose then that 'No person shall be subject for the same offense to be twice put in jeopardy of life or liberty.' And yet, in the present state of our laws today, as expounded by our highest courts, a citizen of South Carolina may be tried, convicted and punished by a city council, by the Court of

General Sessions, in the State Court and by the United States Court for the same offense. Two things are as certain as anything can be, this ought not to be and was never intended to be by those who enunciated the principle above quoted.

"It is considered that the importance of the subject justifies the giving to the Supreme Court the opportunity of reconsidering the decisions of the *City Council of Abbeville* v. *Leopard,* 61 S. C., p. 99., and other cases holding the contrary view of the law."

*Solicitor P. A. Bonham* and *Mr. Jno. R. Hood,* for appellant. *Mr. Hood* cites: 58 S. C., 432; 29 S. C., 369; 68 S. C., 195.

*Messrs. Bonham, Watkins & Allen,* contra, cite: 2 Con. R., 726; 1 Bay, 382; 60 S. C., 1.

February 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were tried by the mayor of the city of Anderson, for violation of the ordinance against gambling, were convicted, and each sentenced to pay a fine of $25.00, or be confined in the guardhouse for thirty days.

They appealed to the Circuit Court upon the following exceptions:

"Because the mayor had no jurisdiction to try the case, for the reason that his jurisdiction is co-ordinate with that of magistrates, and the punishment for the offense of gambling is not within the jurisdiction of magistrates, but they are expressly required by the terms of section 506 of the Criminal Code, to bind over such as are charged with gamb-

ling to the next Court of Sessions for the county in which it is charged such play occurred."

The exception was sustained, whereupon the State appealed to this Court, assigning error in said ruling.

The practical question presented by the exception is, whether the fact that there was a statute against gambling, in which the prescribed punishment, then exceeded a fine of $100 or imprisonment for thirty days, prevented the mayor from exercising jurisdiction in the trial of persons charged with violation of the ordinance against gambling, in which it was provided, that the punishment should not exceed a fine of $100 or imprisonment for thirty days.

Section 1, art. V, of the Constitution, contains this provision: "The General Assembly may establish county courts, municipal courts, and such courts in any and all of the counties of this State, inferior to Circuit Courts, as may be deemed necessary, but none of such courts shall ever be invested with jurisdiction to try cases of murder, manslaughter, rape, or attempt to rape, arson, common law burglary, bribery or perjury."

Section 21 art. V, of the Constitution provides, that "they (magistrates) shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases where the punishment exceeds a fine of one hundred dollars, or imprisonment for thirty days."

Section 1999, of the Code of Laws, is as follows: "The city council and town councils of the cities and towns of the State shall, in addition to the powers conferred by their respective charters, have power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting the roads, streets, markets, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the

security, welfare, and convenience of such cities and towns, or for preserving health, peace, order and good government within the same. And the city or town council may fix fines and penalties for the violation thereof, not exceeding one hundred dollars fine or thirty days' imprisonment: *Provided,* That such rules, by-laws, and ordinances shall not be inconsistent with the laws of the State." * * *

Section 2003, of the Code of Laws, provides that "the intendants or mayors of the cities and towns of this State, * * * shall have all the powers and authority of magistrates in criminal cases, within the corporate limits, and police jurisdiction of their respective cities and towns."

The charter of the city of Anderson also confers upon that municipality, full power to pass the ordinance against gambling with its prescribed punishment.

When section 2003, of the Code of Laws, conferred upon mayors, the powers and authority of magistrates, in criminal cases, within the corporate limits and police jurisdiction of their respective cities, it was merely intended to give to mayors the same power to try persons charged with a violation of an ordinance, that a magistrate had, to try a person charged with the violation of a statute or other law of the State, in cases where the punishment did not exceed a fine of $100 or imprisonment for thirty days.

A violation of the provisions of an ordinance of a city, and a violation of statute of the State, are two separate and distinct offenses. Therefore, the municipality may provide, that the same act which is contrary to the statute, is an offense against its ordinance.

This question has so recently undergone judicial discussion in several cases, that we deem it only necessary to cite the following, to show that the assignment of error must be sustained: *Burten* v. *Williams,* 11 S. C., 288; *City Council* v. *O'Donnell,* 29 S. C., 355, 7 S. E., 523; *Greenville* v. *Kem-*

*mis,* 58 S. C., 427, 36 S. E., 727; *City Council* v. *Leopard,* 61 S. C., 99, 39 S. E., 248; *State* v. *Sanders,* 68 S. C., 192.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the judgment of the mayor be affirmed.