10596.

### THE STATE v. HARTLEY.

(106 S. E. 766)

INTOXICATING LIQUORS—STATE STATUTES NOT REPEALED BY EIGHTEENTH AMENDMENT TO FEDERAL CONSTITUTION.—The statutes of the State in regard to the manufacture, sale and transportation of intoxicating liquors for beverage purposes were not repealed by the Eighteenth Amendment to the United States Constitution, whenever the enforcement of such legislation would aid in carrying into effect the provisions of the amendment.

Before Rice, J., Barnwell. May term, 1920. Appeal dismissed.

Bill Hartley indicted for manufacturing and having in his possession illicit liquor, and on conviction appeals.

*A. H. Ninestein, Esq.,* for appellant: *Upon adoption of the 18th amendment the enforcement of prohibition was turned over to the Federal Government with the right to the States to pass "appropriate legislation" to enforce the amendment; and in the absence of any "appropriate legislation" by this State, there is no law in this State by which the defendant can be tried.* No citations.

*R. L. Gunter, Solicitor,* for respondent, cites: *Defendant tried under Acts of* 1917: 30 Stats. 69, 169. *South Carolina has ratified 18th amendment:* 30 Stat. 736. *Under terms of Volstead Act* (Sec. 35, Title 2, 41 Fed. Stat at Large, 305) *laws of South Carolina whch were inconsistent therewith were repealed, only so far as inconsistent. "Gallon a month" Act not repealed by the "Quart a month" Act:* 109 S. C. 89; *18th amendment operative in all of the States, and invalidates all State laws which authorize or sanction what the section prohibits; and the "concurrent power" clause does not enable Congress or the several States to defeat or thwart prohibition, but only to enforce it by appropriate means:* 253 U. S. 350; 64 L. Ed. 946; 40 Sup. Ct. 486, 588. *Repeal of statutes by implication is not favored, and the presumption is against it except when*

*express terms are used:*    115 Va. 136; 78 S. E. 586; Ann. Cas. 1914 D, 1226; 83 S. C. 418; 84 S. C. 552; 86 S. C. 94.

April 1, 1921.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

The defendant was convicted on the charge of manufacturing and having possession of liquor unlawfully.

The question in the case is whether the statutes of this State, in regard to the manufacture, sale and transportation of intoxicating liquors for beverage purposes, were repealed by the Eighteenth Amendment of the United States Constitution. The titles of the two statutes under which the defendant was found guilty are as follows:

"An act to regulate the shipment and transportation, carrying, storing and having in possession of alcohol, alcoholic liquors and beverages, and to provide penalties for the violation thereof." Laws 1917, p. 69.

"An act to suppress the evils of intemperance, to prohibit the manufacture, sale, use, consumption, having possession and storing of spirituous, malt, vinous, fermented brewed, or alcoholic liquors and beverages; to regulate the purchase, use and possession thereof; to provide the punishment for violation of the law." Laws 1917, p. 169. These statutes were enacted in 1917.

It is not necessary to set forth their provisions, as the question under consideration is, not whether there are certain provisions therein that render these statutes unconstitutional on the ground that they are repugnant to the Eighteenth Amendment, but whether they were repealed by the said amendment, which is as follows:

Section 1: "After one year from the ratification of this article, the manufacture, sale, or transportation of intox-

icating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof, for beverage purposes, is hereby prohibited."

Section 2: "The Congress and the several States shall have concurrent power to enforce this article, by appropriate legislation."

This amendment was ratified on the 29th of January, 1919, and the defendant was convicted in May, 1920—more than one year after its ratification.

The second section of the amendment, providing that Congress and the several States shall have concurrent power to enforce it by appropriate legislation, cannot be made effective by the several States, unless they enact statutes making the manufacture, sale and transportation of intoxicating liquors for beverage purposes an offense against the laws of the State. The amendment contemplates independent legislation, both on the part of Congress and the several States; and the constitutionality of a State statute must be determined alone by a resort to the provisions of the amendment.

"We are of the opinion that the word 'concurrent' in this connection means a power continuously existing for efficacious ends, to be exerted in support of the main object of the amendment and making contribution to the same general aim according to the needs of the State, even though Congress also has exerted the power reposed in it by the amendment by enacting enforcing legislation, operative throughout the extent of its territory. Legislation by the States need not be identical with that of Congress. * *. But the States need not denounce every act committed within their boundaries which is included within the inhi-

bition of the Volstead Act, nor provide the same penalties therefor. It is conceivable also that a State may forbid under penalty acts not prohibited by the act of Congress. The concurrent power of the States may differ in means adopted, provided it is directed to the enforcement of the amendment. * * * State statutes, rationally adapted to putting into execution the inexorable mandate against the sale of intoxicating liquors for beverage contained in section 1 of the amendment by different definitions, and regulations and penalties from those contained in the Volstead Act * * * are valid. Existing laws of that character are not suspended or superseded by the act of Congress." *Commonwealth v. Nickerson,* 236 Mass. 281, 128 N. E. 273.

There is nothing in the amendment indicating an intention to repeal or supersede the legislation of the several States, whenever the enforcement of such legislation would aid in carrying into effect the provisions of the amendment. Let us suppose that when the amendment went into effect there was a statute of this State providing that the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from, this State for beverage purposes, was prohibited, and that any person violating the provisions thereof would be punished as therein provided. The State would unquestionably have the power at this time under the amendment to enact such a statute. Why? Because its enforcement would aid in carrying into effect the provisions of the amendment. The fact that such an act may have been passed before the amendment went into effect would not be a reasonable ground for holding that it was repugnant to the amendment.

As hereinbefore stated, the only question now is whether the amendment repealed such existing legislation of the several States as was not repugnant to it.

Whether the statutes under which the defendant was

convicted contained provisions that render them unconstitutional will be determined when that question properly arises.

Appeal dismissed.

Mr. JUSTICE COTHRAN: I concur in this judgment. The second section of the Eighteenth amendment evidently was adopted with this idea and purpose in view: It had been decided by the Supreme Court of the United States, particularly in cases involving interstate commerce transactions and liabilities connected therewith, that when Congress took over a certain field of operations. its jurisdiction was not only paramount but exclusive. It was accordingly apprehended that the effect of the prohibition amendment and congressional legislation appropriate thereto would have been the same upon prohibition legislation by the State, in the absence of a provision limiting the application of that principle. The purpose of the section therefore was, and in my opinion the effect is, to leave to the several States the legislative power to enact or enforce any law, not in conflict with section 1 of the amendment, intended and calculated to enforce the prohibition declared in this section. This would apply to enactments of this character in force at the time of the adoption of the amendment, as well as to those subsequently adopted by the several States. *Jones v. Hicks* (Ga.) 104 S. E. 771; *State v. Fore* (N. C.) 105 S. E. 334; *Ex parte Ramsey* (D. C.) 265 Fed. 953. If the amendment had not been adopted, Congress could not have acted at all, for the subject-matter was exclusively within the police power of the States; with the amendment unlimited, Congress alone could have acted; with the amendment limited as it is, both Congress and the several States may act in legislating for the purpose of enforcing the prohibition declared.

As the Chief Justice shows, there is no question in this case as to a conflict between the State statutes and the

amendment, nor, I may add, between them and congressional legislation. Should there appear in a State statute a conflict between it and the amendment, the statute would, of course, have to give way; should it appear between it and congressional legislation, the interesting question of the grant of "concurrent power" to Congress and the several States, by the amendment, so learnedly and entertainingly discussed by Justice McKenna, dissenting, in *State v. Palmer,* 253 U. S. 350, 40 Sup. Ct. 486, 588, 64 L. Ed. 946, will arise, the effect of which need not now be anticipated.