## 11068

### STATE v. MOSELEY

#### (114 S. E., 866)

1. INTOXICATING LIQUORS—STATE PROHIBITION STATUTE WAS NOT REPEALED BY EIGHTEENTH AMENDMENT TO CONSTITUTION.—The State prohibition Acts (Laws 1917, p. 69, and Laws 1917, p. 169) were not repealed by the Eighteenth Amendment to the United States Constitution.

2. CRIMINAL LAW—SINGLE TRANSACTION VIOLATING MORE THAN ONE LAW AUTHORIZES CONVICTION FOR EACH VIOLATION.—A single transaction may give rise to more than one violation of law, for each of which the person committing the offense may be punished.

3. CRIMINAL LAW—ACCUSED MAY BE CONVICTED UNDER STATE PROHIBITION LAW AFTER CONVICTION FOR SAME TRANSACTION UNDER FEDERAL ACT.—It is no bar to a conviction for violation of the State Statute prohibiting the unlawful possession of alcoholic liquors that defendants had previously been convicted in a Federal Court for a violation of the national prohibition act on account of the same transaction as that involved in the State prosecution.

Before RAMAGE, Special Judge. Cherokee, 1922. Appeal dismissed.

Arthur Moseley and Calvin Spencer convicted of having alcoholic liquors in unlawful possession, and appeal.

*Messrs. C. P. Sims* and *L. G. Southard,* for appellants, cite: *Conviction for same offense in Federal Court should bar conviction in the State Court:* 106 S. E., 766.

*Mr. I. C. Blackwood, Solicitor,* for the State.

December 16, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following is the agreed statement upon which this case was heard:

"The two defendants were tried and convicted in Cherokee County for having in unlawful possession alcoholic liquors.

"Before this they had been tried for the same offense and for the same whiskey in the Federal Court; in other words, they were indicted and tried and convicted in the Federal Court for the same offense, arising out of the same transaction, with the same facts testified to by the same witnesses, so that, although there was but one violation, they having already been tried and convicted and served the sentence in the Federal Court, they were now called on to face trial in the State Court.

"The defendants pleaded former conviction, and they contended that the Federal prohibition amendment to the Constitution of the United States, the State government and the Federal government having concurrent powers and jurisdiction to punish violations of the liquor law, the State Courts were bound to accept and discharge them on their successful plea of former conviction; and it was their contention that their conviction for the same offense, arising out of the same transaction, with the same facts, in the Federal Court for the Western District of South Carolina, was an absolute bar to their conviction in the State Court.

"For the purpose of making the plea, and of having the question passed upon, it was admitted that the record of the District Court of the United States for the Western District of South Carolina would show: (a) That these two defendants were the same parties before that Court; (b) that the offense now charged against them, and to which charge they made their plea of former conviction, was the

same offense; (c) and, further, that the matters alleged in the Federal indictment were the same as to facts, violations and otherwise as were now charged against the defendants and to which indictment they are now pleading; (d) that the offense as charged in the Federal indictment, and the offense as charged in the State indictment arose out of one and the same transaction; (e) that the defendants now before the State Court were convicted in the Federal Court on the same charge, duly sentenced by that Court, and had actually served their sentence.

"There was no contradiction of these facts, so that the matter was squarely before his Honor to pass upon. If he sustained the plea, the defendants were entitled to be discharged; if he overruled the plea, then they had to submit to sentence in the State Court.

"His Honor overruled the plea of former conviction, and thereafter sentence was passed upon the defendants.

"It is contended that there is no dispute as to the facts, and, should his Honor be sustained by this Court in his rulings on the plea for former conviction, the facts were sufficient to warrant a conviction. There is no complaint as to his Honor's charge, and no exception is made to the charge, so that this appeal makes the one and single question to be determined.

"First exception: That his Honor erred, it is respectfully submitted, in refusing to discharge them from custody upon proof of their plea of former conviction, when it was shown:

"(a) That they were the same parties who had previously been indicted in the Federal Court for the Western District of South Carolina.

"(b) That the indictments in both the State and Federal Courts charged one and the same offense, and that the matters charged in both State and Federal indictments were one and the same, and arose out of one and the same transaction.

"(c) That on the Federal indictment they had been tried, convicted, sentenced and had actually served their sentence.

"Second : That his Honor erred in passing sentence on the defendants, and in refusing to discharge them without sentence, and in not arresting judgment, on the ground :

"(a) That for the same offense, arising out of the same transaction, with the same facts, the defendants had previously been tried, convicted, sentenced, and served their sentence by the Federal Court for the Western District of South Carolina.

"(b) For punishing for the same offense, the State Court and the Federal Court having concurrent powers and jurisdiction under the Federal Constitution to punish for violations of the liquor laws, and having been punished by the Federal Court under the Constitution of the United States, and that Court having concurrent jurisdiction and powers with the State Court, and that concurrent jurisdiction and power having been given by the supreme law of the land, the State Court was bound thereby."

The practical question presented by the exceptions is whether there was error on the part of his Honor the Circuit Judge in overruling the plea of former conviction to an indictment in the State Court for violation of a State Statute, on the ground that the defendant had been tried and convicted in the Federal Court for violation of the Federal Statute enacted to carry into effect the provisions of the Eighteenth Amendment to the United States Constitution.

In the case of *State v. Hartley,* 115 S. C., 524; 106 S. E., 766, this Court had under consideration the question whether the Statutes of this State in regard to the manufacture, sale, and transportation of intoxicating liquors for beverage purposes were repealed by the Eighteenth Amendment to the United States Constitution. The titles of the two Statutes then under consideration are as follows :

"An Act to regulate the shipment and transportation, carrying, storing and having in possession of alcohol, alcoholic liquors and beverages, and to provide penalties for the violation thereof." Laws 1917, page 69.

"An Act to suppress the evils of intemperance, to prohibit the manufacture, sale, use, consumption, having possession and storing of spirituous, malt, vinous, fermented, brewed, or alcoholic liquors and beverages; to regulate the purchase, use and possession thereof; and to provide the punishment for violation of the law." Laws 1917, page 169.

It was held that these Statutes were not repealed by the Eighteenth Amendment, which is as follows:

"Section 1. After one year from the ratification of this Article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2. The Congress and the several States shall have concurrent power to enforce this Article by appropriate legislation."

This Court in that case said:

"The second Section of the amendment providing that Congress and the several States shall have concurrent power to enforce it by appropriate legislation, cannot be made effective by the several States, unless they enact Statutes making the manufacture, sale and transportation of intoxicating liquors for beverage purposes, an offense against the laws of the State. The amendment contemplates independent legislation on the part of Congress and the several States."

In *Commonwealth v. Nickerson,* 236 Mass., 281; 128 N. E., 273; 10 A. L. R.; 1568, the Court uses this language:

"We are of opinion that the word 'concurrent' in this connection means a power continuously existing for efficacious ends to be exerted in support of the main object of the amendment, and making contribution to the same general

aim, according to the needs of the State, even though Congress also has exerted the power reposed in it by the amendment by enacting enforcing legislation operative throughout the extent of its territory.    Legislation by the States need not be identical with that of Congress. * * * But the States need not denounce every act committed within their boundaries, which is included within the inhibition of the Volstead Act, nor provide the same penalties therefor.    It is conceivable also that a State may forbid under penalty acts not prohibited by the Act of Congress.    The concurrent power of the States may differ in means adopted provided it is directed to the enforcement of the amendment. * * *

· "State Statutes, rationally adapted to putting into execution the inexorable mandate against the sale of intoxicating liquors for beverage contained in Section 1 of the amendment by different definitions, and regulations and penalties from those contained in the Volstead Act, * * * are valid. Existing laws of that character are not suspended or superseded by the Act of Congress."

The foregoing is quoted with approval in *State v. Hartley,* 115 S. C., 524; 106 S. E., 766, from which we also quote as follows:

"There is nothing in the amendment indicating an intention to repeal or supersede the legislation of the several States, whenever the enforcement of such legislation would aid in carrying into effect the provisions of the amendment. Let us suppose that when the amendment went into effect there was a Statute of this State providing that the manufacture, sale, or transportation of intoxicating liquors within,the transportation thereof into, or the exportation thereof from this State for beverage purposes, was prohibited, and that any person violating the provisions thereof would be punished as therein provided.    The State would unquestionably have the power at this time, under the amendment, to enact such a Statute.    Why?    Because its enforcement would aid in carrying into effect the provisions of the amendment.

The fact that such an Act may have been passed before the amendment went into effect would not be a reasonable ground for holding that it was repugnant to the amendment."

Under the decisions in this State the rule is well settled that a single transaction may give rise to more than one violation of the law for which the person committing the offense may be punished. In the case of *City of Anderson v. Seligman,* 85 S. C., 16; 67 S. E., 13, it is stated that the violation of an ordinance of a city and the violation of a Statute of the State are two separate and distinct offenses, and therefore that a municipality may provide that the same act which is contrary to the Statute is an offense against its ordinance, citing the following authorities: *State ex rel. Burton v. Williams,* 11 S. C., 288; *City Council v. O'Donnell,* 29 S. C., 355; 7 S. E., 523; 1 L. R. A., 632; 13 Am. St. Rep., 728; *Greenville v. Kemmis,* 58 S. C., 427; 36 S. E., 727; 50 L. R. A., 725; *City Council v. Leopard,* 61 S. C., 99; 39 S. E., 248; *State v. Sanders,* 68 S. C., 192; 47 S. E., 55.

In the last-mentioned case it was said:

"It is entirely competent for a defendant to be tried for breach of a city ordinance relating to keeping a bawdyhouse and afterwards being tried for keeping a bawdyhouse in the Court of General Sessions, under the State law. One is an offense committed by a corporator, and the other is a citizen of the State. The one's offense is a breach of corporate regulation, and the other is a breach of a general law for the whole State."

In Cooley's *Constitutional Limitations,* page 199 (2d Ed.), the author says:

"Indeed the same act may constitute an offense both against the State and municipal corporation, and both may punish it, without violation of any Constitutional provisions."

This language is quoted with approval in *Greenville v. Kemmis*, 58 S. C., 427; 36 S. E., 727; 50 L. R. A., 725, and *State v. Sanders*, 68 S. C., 192; 47 S. E., 55.

As the Statute in the present case under which the defendant was indicted in the State Court was not the same as the Statute under which he was convicted in the Federal Court, the plea of former conviction was properly overruled.

Appeal dismissed.

JUSTICES WATTS, FRASER and MARION concur.

MR. JUSTICE COTHRAN: I concur. The Supreme Court of the United States in the case of *United States v. Lanza*, 258 U. S., —; 43 Sup. Ct., 141; 67 L. Ed., —; opinion filed December 11, 1922, has settled the question at issue in conformity with the conclusion announced herein.