17100

CITY OF SPARTANBURG, Appellant, v. JOHN GOSSETT, Respondent

(90 S. E. (2d) 645)

465

*John G. Galbraith, Esq., Spartanburg City Attorney,* of Spartanburg, *for Appellant,*

*Messrs. Arnold R. Merchant,* and *Paul L. Taylor, Solicitor,* of Spartanburg, *Appearing amicus curiae,*

*John G. Galbraith, Esq., Spartanburg City Attorney,* of Spartanburg, *for Appellant, in reply,* 

December 20, 1955.

OXNER, Justice.

The question presented on this appeal is whether the Municipal Court of the City of Spartanburg had jurisdiction to try respondent for having in his possession alcoholic liquors in unstamped containers. The charge was based on an ordinance making it unlawful for any person to "receive, store, keep or have in possession * * * any alcoholic liquors * * * except as permitted under the laws of the State of South Carolina." The punishment for a violation thereof is fixed at a fine of not more than $100.00 or imprisonment not exceeding thirty days.

Respondent was tried and convicted in the Recorder's Court of the City of Spartanburg for having in his possession a large quantity of unstamped liquor, and sentenced to pay a fine of $100.00 or be imprisoned for a period of thirty days. He appealed to the County Court. The Judge of that Court concluded that the Municipal Court was without jurisdiction and set aside the conviction, "without prejudice to further prosecution of appellant (respondent here) in a court of competent jurisdiction." From this order the City of Spartanburg has appealed.

Respondent appears to have manifested little interest in the appeal. However, the attorney for Spartanburg County and the solicitor of that circuit, who were permitted by the Chief Justice to file a brief *amicus curiae,* vigorously challenge the jurisdiction of municipal courts to try an offense of this nature.

It is is well settled in this jurisdiction that the same act may constitute two offenses, one against the municipality and one against the State. Stated differently, under the broad authority delegated to municipalities by Section 47-61 of the 1952 Code, they are empowered to punish what is also an offense under the State law. *State. ex rel. Burton v. Williams,* 11 S. C. 288; *Ex parte Schmidt,* 24 S. C. 363; *City Council of Greenville v. Kemmis,* 58 S. C. 427, 36 S. E. 727, 50 L. R. A. 725; *City Council of Abbeville v. Leopard,* 61 S. C. 99, 39 S. E. 248; *State v. Sanders,* 68 S. C. 192, 47 S. E. 55. This rule has been applied to ordinances prohibiting or regulating the sale of beer or intoxicating liquors. *City Council of Anderson v. O'Donnell,* 29 S. C. 355, 7 S. E. 523, 1 L. R. A. 632; *City of Spartanburg v. Parris,* 85 S. C. 227, 67 S. E. 246; *Arnold v. City of Spartanburg,* 201 S. C. 523, 23 S. E. (2d) 735. In *City Council of Anderson v. O'Donnell, supra* [29 S. C. 355, 7 S. E. 529], the Court quoted with approval the following from Judge Cooley: " 'The same act may constitute an offense both against the state and the municipal corporation, and both may punish it without any violation of any constitutional principle' ". And in *City of Spartanburg v. Parris,* the Court observed: "There is, of course, nothing in the objection that the defendant could not be convicted under the ordinance because the selling of whiskey is an offense against the state." It was held in *State v. Moseley,* 122 S. C. 62, 114 S. E. 866, that it was permissible for both the State and Federal Government to make unlawful the possession of alcoholic liquors, and that a conviction in a Federal Court for this offense would not constitute a bar to a conviction for the same offense in the State Court.

The solicitor and counsel for the County of Spartanburg apparently concede the correctness of the foregoing general principles but argue that they do not apply where, as here [1], the statutes authorize punish-

[1] In the recent case of *State v. Conally,* S. C., 88 S. E. (2d) 591, we had occasion to construe the statutes relating to the punishment for having in possession alcoholic liquors in unstamped containers. We there held that a sentence of eighteen months imprisonment was authorized.

ment beyond that which can be imposed in a municipal court. While there is some conflict in the authorities on this question as shown by annotation in 138 A. L. R., page 1212, our decisions do not support the distinction which counsel seek to make. It was distinctly held in *City of Anderson v. Seligman,* 85 S. C. 16, 67 S. E. 13, that the fact that the punishment under a statute is greater than that which can be imposed in a municipal court for the same act does not deprive the latter court of jurisdiction. The question presented in that case was stated as follows: "The practical question presented by the exceptions is whether the fact that there was a statute against gambling, in which the prescribed punishment then exceeded a fine of $100.00, or imprisonment for 30 days, prevented the mayor from exercising jurisdiction in the trial of persons charged with a violation of the ordinance against gambling, in which it was provided that the punishment should not exceed a fine of $100.00, or imprisonment for 30 days." It was answered by the Court in the negative. Also, see *City of Anderson v. Johnson,* 85 S. C. 182, 67 S. E. 1135.

In *Shaw v. City of Norfolk,* 167 Va. 346, 189 S. E. 335, 338, the Court said: "The general rule is that, where a municipality has the power to legislate on the same subject with which the State has dealt by general law, in the absence of specific restrictions, the ordinance of the municipality will not be declared invalid merely because different penalties are prescribed in the ordinance from those prescribed by a general statute." Also, see *City of Duluth v. Evans,* 158 Minn. 450, 197 N. W. 737.

There remain for consideration two statutes which the solicitor and county attorney say disclose a legislative intent to vest exclusive jurisdiction in the Court of General Sessions of all liquor cases where the punishment under the State law is in excess of a fine of $100.00 or imprisonment for thirty days. The first statute relied on is Section 4-108 of the 1952 Code, which forms a part of the Alcoholic Beverage Control Act. This section reads in part as follows:

"In all prosecutions for violation of the provisions of this chapter when municipal officers are solely responsible for discovering the violation or producing the witnesses or the evidence upon which a conviction is had the fines collected shall be equally divided between the county and such municipality."

We fail to see anything in this statute evidencing a legislative intent to divest municipal courts of jurisdiction to try offenders for violation of ordinances regulating alcoholic liquors. This section was obviously designed to afford some compensation to municipalities for aid rendered by their officers in the enforcement of the Alcoholic Beverage Control Act.

The remaining statute relied on forms Section 17-502 of the Code and reads as follows:

"Whenever a municipal court or a magistrate's court shall have acquired jurisdiction by reason of a person committing an act which is alleged to be in violation of a munipal ordinance and which is in violation of the criminal law of this State a conviction or an acquittal by the first court acquiring jurisdiction shall be a complete bar to a trial by another court for the same alleged unlawful act or acts."

When this statute was originally enacted in 1928, 35 St. at L. 1317, it contained the following proviso: "That this shall have no application to violations of the prohibition law." The proviso was carried forward in the Code of 1932, Section 994, and in the Code of 1942, Section 994. But in the 1952 Code it was omitted.

The argument is made that if the city's contention is sustained, the enforcement of the Alcoholic Beverage Control Act will be seriously impeded. It is said that municipal officers, for purposes of revenue, will be tempted to prosecute and try all liquor cases in their courts, thus enabling flagrant offenders to escape with a payment of a small fine which can be used to support a plea of former jeopardy when prosecuted in the Court of General Sessions. It is claimed that this will

have the effect of licensing notorious bootleggers to ply their trade.

It may well be that the General Assembly was influenced by the foregoing considerations in inserting the proviso in the original act. Its omission in the 1952 Code may have been due to the fact that we abandoned prohibition. Be that as it may, we are not concerned here with the effect of the omission, nor are we called upon to determine whether respondent after conviction in the municipal court, could successfully invoke a plea of former jeopardy if prosecuted for the same offense in the Court of General Sessions. The only question before us is whether the municipal court had jurisdiction to try respondent. The foregoing statute neither expressly nor impliedly deprives municipal courts of jurisdiction.

In conclusion, it may be conceded that there is merit in the argument of the solicitor and county attorney that law enforcement would be strengthened if municipal courts were deprived of jurisdiction in certain liquor cases. But the question of the extent to which legislative power should be delegated to municipalities is one for the General Assembly.

That portion of the order under appeal which holds that the Recorder's Court was without jurisdiction is reversed, and the case remanded for enforcement of the judgment rendered by the Recorder.

STUKES, TAYLOR and LEGGE, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.