STATE v. JEFFCOAT.

PLEADINGS—INDICTMENT.—The words in an indictment charging a sale
of liquors to A, "and to divers other persons to the jurors unknown,"
are surplusage, and may be stricken out on motion, but it is error to
quash the count containing them.

Before GAGE, J., Lexington, June, 1898.   Reversed.

Indictment against Izlar Jeffcoat and Ben Jeffcoat for un-
lawfully selling liquors.   From order quashing the first
count in the indictment, the State appeals.

*Solicitor Thurmond,* for appellant, cites: *Dispensary Act
of 1896,* sec. 43, art I., sec. 18, Con. 1895; art. I., sec.
13, Con. 1868; 45 S. C., 509; 42 S. C., 231.

*Messrs. P. H. Nelson* and *G. T. Graham,* contra, cite:
Art. I., sec. 18, Con. 1895; art. I., sec. 13, Con. 1868; 45 S.
C., 509; Crim. Code, chap. V.; 92 U. S., 558; 16 Blacht,
530; 47 Ark., 761; 31 Mich., 200; 21 N. W., 468; 1 Rich.,
178; 10 Rich., 374; 2 N. & McC., 360; 14 S. C., 353; 47 S.
C., 5; 1 Bail., 144; 1 Rich., 184; 3 Strob., 137.

, Feb. 8, 1899.   The opinion of the Court was delivered by
    MR. JUSTICE POPE.   The Circuit Judge, when this case
was called for trial, on the motion of respondent's attorneys,
granted an order quashing the first count in the indictment.
The State now appeals from this order.   The first count of
the indictment was in this language: "That Izlar Jeffcoat
and Bill Jeffcoat, * * * on the first day of December, in
the year of our Lord 1897, and on divers other days, both
before and since that day, up to the taking of this inquisition,
wilfully and unlawfully did sell, barter, exchange and deliver
to one Richard Peel, and to divers other persons to the
jurors aforesaid unknown, spirituous, malt and other liquors
containing alcohol and used as a beverage, to wit: One gill
molasses rum, for five cents, against the form of the statute

in such cases made and provided, and against, &c." The contention of the appellant is that by the use of the words in the count in question, "and to divers other persons to the jurors aforesaid unknown," said count was in accord with the provisions of the forty-third section of the act of the General Assembly entitled "An act to provide for the election of the State board of control, and to further regulate the sale, use, &c., of intoxicating and alcoholic liquors or liquids, &c.," approved 6th March, 1896. Sec. 22, Stat. at Large. pp. 123-149. The language of the section (43) is as follows: "That in any indictment for the sale of intoxicating liquors, it shall be competent to charge a series of sales on the same or on divers days, up to the finding of the true bill, to one person or to different persons, naming one and stating the others to be unknown, in the same count, as was formerly the practice in indictments for retailing liquors without license in this State, and the prosecuting officer shall not be required to elect which particular sale he will rely on, but may offer proof of all, and proof of any one or of all the sales will sustain the verdict * * *." This Court, in *State* v. *May,* 45 S. C., 512, held that the words "and to divers other persons," might be stricken out of any count, where they occur, as surplusage. The appellant, however, insisted that the foregoing case was decided just after the Constitution of 1895 was adopted, and before the passage of the act of 1896, quoted above. It is claimed by appellant that the language of the Constitution of 1868, under which State *v.* May was decided, is quite distinct from the language of the last Constitution. Let us see if there is any virtue in this position. In art. I., sec. 13, of the Constitution of 1868, these words occur: "No person shall be held to answer for any crime or offense until the same is fully, fairly, plainly, substantially and formally described to him." It is patent that "fully" would have answered all the ends of this requirement of the Constitution of 1896. But art. I., sec. 18, of the Constitution of 1895 provides: "In all criminal prosecutions the accused shall enjoy the right to a speedy and

public trial by an impartial jury, and to be fully informed of the nature and cause of the accusation." Are not these words as strong as those employed in the Constitution of 1868? It seems to be so. It is true, not so many words are employed in the latter instrument to convey the same idea set out in the former, but that is of no significance. In both the accused is required to be "fully" informed as to the nature and cause of the accusation. But now let us see if the 43d section of the act of 1896, *supra,* makes any change in the law by providing that a count of an indictment may charge the offense of retailing spirituous liquors to a certain person, and "to divers other persons to the jurors aforesaid unknown." In the light of our decisions, the words "to divers other persons," when they occur in an indictment, set forth no criminal offense. Such words are surplusage. *State* v. *Cassety,* 1 Rich., 90; *State* v. *May, supra.* And it does not add anything to a charge against a certain person, when the words "and to divers other persons, &c.," are used in the same count. *State* v. *Cassety, supra.* Frankness compels us to say that when the General Assembly declared, in this 43d section of the act of 1896, that this language, "to divers other persons, &c.," in the same count of an indictment, with a charge against a person, whose name was given, was in accordance with previous practice in this State, such was a mistake. As long ago as the year 1844, the Court of Appeals in this State declared that such words charged no offense, and should be treated as surplusage. See *State* v. *Cassety, supra.* Unless, therefore, it can be discovered that such words, "and to divers persons unknown to the jury aforesaid," can be made to amplify an offense of selling liquors to a certain person whose name is given, in accordance with well recognized legal principles, the argument is at an end. We dare not undertake such a project. It has been well said that every indictment must set forth all the ingredients of an offense, and no omission in such abatement can be supplied by *innuendo.* This is the doctrine of our Court—*State* v. *Henderson,* 1 Rich., 179; *State* v. *Powell,* 10 Rich.,

374; *State* v. *Rushing,* 2 N. & McC., 560; *State* v. *McKettrick,* 14 S. C., 353. It is our opinion, therefore, that the General Assembly could not, by the use of the words, "and to divers other persons, &c.," make a new offense. Such words occurring in a count in an indictment, which properly charges a particular individual, by name, with an offense cognizable under the law, may either be disregarded as surplusage, or stricken from the count, on motion. But in this case, Judge Gage did more; he quashed the count. In this he was in error. A distinct offense was alleged in the first count against the defendants for their sale to Richard Peel. We must reverse the order appealed from, solely on the ground that there was an offense alleged against the defendants for their alleged sale of liquor to Richard Peel, but not because the words, "and to divers other persons to the jurors aforesaid unknown," were properly there.

It is the judgment of this Court, that the order appealed from be reversed, and the prosecution be remanded to the Circuit Court.