STATE v. COUCH.

PLEADING—INDICTMENT—DISPENSARY LAW—CONSTITUTION.—A defendant cannot be convicted of selling liquor to B., under an indictment charging a sale to A., "and to divers persons, &c." Sec. 43, dispensary act of 1896, authorizing a conviction under the charge in an indictment of a sale to "divers persons, &c.," is unconstitutional.

Before WATTS, J., Pickens, July, 1897. Reversed.

Indictment against Walter Couch for illegal sale of liquor. From verdict and sentence, defendant appeals.

*Mr. J. P. Carey,* for appellant, cites: *Dispensary act of 1894 was repealed by act of 1896, and it was error to admit evidence of sale before act of 1896:* 109 U. S., 596; 143 U. S., 27; 7 Am. Dec., 99; 58 Am. Dec., 100; 29 S. C., 476; 14 Rich., 164. *If both acts are in force solicitor should have been required to say under which he would try:* 24 S. C., 142; 28 S. C., 353. *Sec. 43 of act of 1896 is ex post facto (1) because it alters rule of evidence as to sale before its passage:* 2 Rich., 90; 8 Rich., 312; 37 Am. St. R., 594; 7 Tex.,

585; 4 Wall, 277; 40 Ala., 32; 29 S. C., 355.    *(2) It al-tered situation of defendant to his disadvantage:* 107 U. S., 221; 8 Rich., 312; 29 S. C., 355.

*Solicitor Ansel,* contra (oral argument).

Feb. 28, 1899.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The appellant was convicted of selling a quart of liquor to Newton Oates, under an indict-ment charging him with the sale of spirituous liquors to "one W. S. Newell, R. L. Bryant, Robert Holden, G. W. Russell, and *to divers other persons to the jurors aforesaid unknown.*"   He appeals from the sentence under said con-viction upon several grounds.   This Court does not deem it necessary to pursue the questions presented by the appellant, except one of them, for it is important that this single ques-tion should be met.   We hold that the conviction of the ap-pellant, under this indictment, was illegal, because opposed to the Constitution of the State.   In article I., section 18, it is provided: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an im-partial jury, *and to be fully informed* of the nature and cause of the accusation. * * *" It is the office of an indict-ment to fully disclose to the accused the nature and cause of the accusation.   Any indictment which fails to fully disclose the offense to the accused is defective.   In the indictment under review, in the present case, it will be observed that the name of Newton Oates does not appear as one of the persons to whom the defendant, appellant, is charged as hav-ing sold intoxicating liquors.   However, it is sought to jus-tify the absence of Oates' name from the indictment by proof that the defendant, appellant, sold him liquor, which sale, under and by virtue of the 43d section of the dispensary act, approved in 1896 (22 Stat., 148), allowing an indictment to contain the words "to divers other persons to the jurors aforesaid unknown," was punishable just as if the name of Newton Oates had been actually set forth in the indictment.

In the recent case of *The State* v. *Jeffcoat, ante,* 196, this Court held that in an indictment where these words, "to divers other persons to the jurors aforesaid unknown," occur, such words might be treated as surplusage if one or more persons were called by name, and the persons so named in the indictment were on trial. This last named case is practically decisive of the question raised here. The 43d section of the dispensary act of 1896, authorizing the use of the words "divers other persons," &c., cannot be made to override the constitutional requirements, that every accused must have his offense fully set forth in the indictment or presentment of the grand jury.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.