### STATE v. ROBISON.

1. PLEADING—INDICTMENT—WITNESSES—EVIDENCE.—It is not necessary to enable a witness for prosecution to testify, that his name appear on back of indictment.
2. IBID.—IBID.—EVIDENCE—LIQUORS—NUISANCE.—A WITNESS whose name does not appear in the first count of an indictment as one to whom defendant has sold liquors, may testify to facts going to support the allegations in the second count charging defendant with maintaining a nuisance by keeping liquors for unlawful sale.
3. EVIDENCE—NUISANCE—CIDER.—Upon charge of maintaining a nuisance by keeping liquors for unlawful sale, it is competent to prove that defendant sold witness cider which made him "foolish."
4. CHARGE—DISPENSARY—TAGS—LIQUORS.—Judge did not charge that law required that dispensary tags be kept on whiskey kept for personal or lawful use.

Before BENET, J., Spartanburg, October, 1900.    Afrmed.

Indictment against W. H. Robison for selling liquors, maintaining a nuisance and keeping and storing liquors for unlawful use.    From sentence on verdict of guilty, defendant appeals.

*Mr. C. P. Sims,* for appellant.    No argument.

*Assistant Attorney General U. X. Gunter,* contra, cites: *As to the law providing tags on stored whiskey:* 59 S. C., 271.

July 13, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant was tried and convicted under an indictment, containing three counts, charging him with violations of what is known as the dispensary law of this State, and he has appealed after judgment upon the following grounds:

"The Circuit Judge erred:

"I. In allowing J. J. Bishop to testify on the part of the State, over the defendant's objection, that the said witness' name did not appear on the indictment, for the reason that it was incompetent and irrelevant to allow said witness to testify without his name appearing on the indictment, thereby advising the defendant fully as to the crime with which he was charged.

"II. In allowing a witness, Oliver Byers, to testify on the part of the State, that he had bought whiskey from the defendant, over the objection of the defendant's attorney, upon the ground that the said witness' name did not appear in the indictment.

"III. In allowing said witness, Oliver Byers, to testify, over defendant's objection, that he drank about one-half pint of cider which witness claimed to have bought from the defendant.

"IV. In charging the jury as follows: 'A man may have alcoholic liquors, whiskey, brandy and the like, which he has legally purchased from the dispensary, or from some person outside of the State, and it will be unlawful for him to store and keep in possession, if he has them for an unlawful purpose, for it is not inconceivable, nor is it unusual, as our experience in Court shows us, for people to purchase liquors from the dispensary and then sell them unlawfully; but it is not unlawful for a citizen to keep in possession liquors law-

fully purchased and for a lawful purpose—and by lawful purpose I mean their personal use, or family use, or for purposes of hospitality, social purposes or medicinal use and the like—and he may keep liquors in any quantity if he purchases them in a lawful way, either from a dispenser or from some person outside of the State, and he has a right in law to make a legal purchase outside of the State and import liquors in the State for legal or lawful use, for personal use or medicinally, and the dispensary law endeavors to protect the citizens in that right, and provides that where a man does have in his possession for lawful purposes any quantity of liquor, he may apply to the State commissioner for badges, for tags or labels, which can be placed upon the vessel, barrel or kegs, or jugs or bottles that keep such liquor, showing that they are for personal use, lawful use, and not for unlawful purposes.' For the reason that it is submitted the jury may have been misled from the above charge to believe that it was necessary under the law to have badges, labels or tags placed upon any whiskey that may have been purchased other than from the dispensary, respectfully submit the law does not require that any label shall be placed upon such liquors."

We will pass upon these points in their order. *First.* In the first count of the indictment the defendant was charged with having sold intoxicating liquors to one F. M. Neighbors on the 12th day of May, 1900. There is no allegation that such liquor was sold to any other person or on any other day than to F. M. Neighbors, on the 12th day of May, 1900. So far as the first count is concerned. The Court allowed J. J. Bishop and Oliver Byers to testify in the case, when their names did not appear to have been written on the back of the indictment, as witnesses for the prosecution. The appellant excepts to this. We know of no law which prevents the prosecution using a witness whose name does not appear to be written on the back of an indictment. Sec. 40 of the Criminal Statutes of this State in a capital case requires the copy of an indictment to

be delivered to the accused three days before his trial, but it is expressly provided in this section, "that the names of the witnesses shall not be included." If this is true in capital cases, for greater reason it is true in misdemeanors.

But it may be that the appellant intended to insist that the name of this witness should have been made to appear in the body of the indictment. It was certainly not proper that the name of the witness, J. J. Bishop, should appear in the first count, for it was neither alleged not attempted to be proved that J. J. Bishop had bought liquor from the defendant on the 12th May. Nor is there any ground for the claim of the appellant that Bishop's name should appear in the second count, which charged the defendant with keeping and maintaining a place where intoxicating liquors are sold, and where persons are permitted to resort for the purpose of drinking alcoholic liquors as a beverage, thereby maintaining a common nuisance. The witness, J. J. Bishop, did not testify even as to this count of the indictment, and no one testified that said Bishop bought any liquors from the defendant. So far as the third count is concerned, which charges the defendant with having unlawfully stored and kept in his possession certain alcoholic liquors, it sets out, by its allegations, the existence of a fact in which the witness, J. J. Bishop, had no concern except in conducting an investigation thereof as a constable. This exception is overruled.

As to the second exception. It was not error for the Circuit Judge to admit this testimony of Byers, when he forbade the jury to apply the same to the first count. It was competent to prove the fact of the sale of liquors by the defendant to this witness with reference to the second count of the indictment, which charged defendant with maintaining a nuisance. This exception is overruled.

As to the third exception, it must be overruled, because it was competent to prove by this witness that the *cider* he bought from the defendant made both his father

and himself "foolish," when the same was restricted to the charge of defendant's maintaining a nuisance.

As to the fourth ground of appeal. Inasmuch as the appellant has reproduced the language in the charge of the Circuit Judge of which he complains, we do not deem it necessary to repeat the same. A reading of this charge is the best answer to the criticism of it. The Circuit Judge does not charge that any person who buys alcoholic liquors from the dispensary or beyond the State *shall* put tags on the same, which will be furnished by the dispensary authorities; he only suggests that for more thorough protection to their keeping such liquors, such tags *may* be used. The case of *State* v. *Prater,* 59 S. C., 271, has so fully referred to the law governing indictments similar to that used in the cause at bar, that we hardly deem it wise to go over the same again. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.