### 7491

#### CITY OF SPARTANBURG v. PARRIS.

1. CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS.—The constitutional provision that no person exercising the functions of one department of the government shall assume or discharge the duties of another does not apply to municipal corporations.

2. CITIES AND TOWNS—LIQUORS.—A conviction under a municipal ordinance against selling whiskey is valid although there is a statute making the selling a crime.

3. IBID.—WITNESSES.—In a prosecution in a municipal court where no written indictment is made out but where a list of witnesses for the prosecution has been furnished the defendant, the prosecution may use other witnesses than those on the list in the absence of an agreement to the contrary.

4. LIQUORS.—UNDER AN INDICTMENT charging selling whiskey generally more than one sale may be proved.

5. IT IS AGAINST PUBLIC POLICY for municipal officers to agree to exclude competent and material evidence in a criminal prosecution.

Before MEMMINGER, J., Spartanburg, January term, 1909.  Affirmed.

Indictment by City of Spartanburg against J. R. Parris. From circuit order affirming judgment of city council, defendant appeals.

*Mr. C. P. Sims,* for appellant.  No citations.

*Solicitor J. C. Otts,* contra, cites: *The constitutional provisions as to mixing service between government departments does not apply to cities:* 61 S. C., 103; 3 Brev., 533; 17 Md., 331; 2 Abb. Mun. Corp., sec. 570.  *City ordinance not unlawful:* Crim. Code, sec. 20; 14 S. C., 380; 40 S. C., 373; 68 S. C., 192; 58 S. C., 433; 29 S. C., 368; 10 S. C., 288; 132 U. S., 131.

March 14, 1910.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The appellant was convicted before the mayor of Spartanburg of selling whiskey in violation of the city ordinances and duly sentenced.   On appeal to the Circuit Court the judgment was affirmed.

By his first exception the appellant submits that the mayor, having participated as a legislator in the making of the ordinances, was prohibited by the Constitution from acting in a judicial capacity in the trial of persons accused of violating them.

The Constitution provides: "In the government of this State the legislative, executive and judicial powers of the government shall be forever separate and distinct from each other, and no persons exercising the functions of one of said departments shall assume or discharge the duties of any other."   This requirement clearly refers to the government of the State and to state officers, and not to the government of municipal corporations and the officers of such corporations.   The Courts have so held whenever the question has been made.   *Santo* v. *State,* 2 Iowa, 165; 63 Am. Dec., 487; *Baltimore etc. Ry. Co.* v. *Whiting,* (Ind.), 68 N. E., 267.

There is of course nothing in the objection that the defendant could not be convicted under the ordinance because the selling of whiskey is an offense against the State.   *State* v. *Sanders,* 68 S. C., 192; *Anderson* v. *Seligman,* recently filed.

The objection that a witness was allowed to testify, whose name had not been furnished to the defendant, is not well taken.   The record shows that the defendant waived any right to a written warrant or charge, but the city authorities furnished defendant's attorney with the names of witnesses.   One witness, whose name was not on this list, was sworn and testified that he had bought whiskey from the defendant.   A defendant, even on an indictment for felony, is not entitled to the names of the witnesses.   *State* v. *Robinson,* 61 S. C., 106, 39 S. E., 247.

It is true, as stated by defendant's counsel, that a defendant cannot be convicted under an indictment charging him with the illegal sale of liquor to one person on proof showing sale to a different person. *State* v. *Couch,* 54 S. C., 286, 32 S. E., 408. But that was not this case. There was no indictment and none was necessary. The trial was on one general charge of selling whiskey; and there was only one conviction and one sentence.

The record does not show that the city council agreed not to examine any witnesses except those on the list furnished to defendant's counsel; nor that the defendant was taken by surprise and refused opportunity to meet the alleged unexpected evidence.

But even if the city council or the mayor had agreed to exclude competent and material evidence in a criminal prosecution, the agreement would have been contrary to public policy and absolutely void. If the attempt had been made to make such an agreement, the only right of the defendant which the Court could possibly recognize would be the right to reasonable opportunity to meet the unexpected evidence; and in this case it does not appear that such opportunity was denied.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.