10355

## STATE v. JOHNSON.

(101 S. E. 851.)

INTOXICATING LIQUORS—SALES OF JAMAICA GINGER AND LEMON EXTRACT CRIMINAL.—If a grocer sells Jamaica ginger and lemon extracts, knowing that they are bought to be used as a beverage, he violates the liquor law, if they contain the prohibited percentage of alcohol, and such questions are for the jury to decide.

Before RICE, J., Pickens, Fall term, 1918. Affirmed.

W. H. Johnson was convicted of a violation of the liquor law, and he appeals.

*Messrs. Carey & Carey,* for appellant, submit: *That there being no evidence that defendant was selling alcoholic liquors or selling extracts or medicines as a beverage a directed verdict should have been granted:* Vol. I, Code of Laws of S. C., sec. 1643; Acts of S. C. of 1917, page 73, par. 19; Code of Laws of S. C., vol. I, sections 2393, 2390; Acts of 1917, page 73, par. 20; Crim. Code 1912, sections 894, *et seq. Where there is no testimony upon which·to base a verdict it is error of law to refuse a new trial:* 64 S. C. 344; 64 S. C. 566; 69 S. C. 101; 52 S. C. 371; 77 S. C. 328. *The Judge's charge was misleading, and, therefore, constituted error of law:* 12 Ohio St. 312; 80 Am. Decisions 347; 14 R. C. L. 770; 36 Am. Decisions 561.

*Solicitor J. Robert Martin,* for the State (oral argument).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was indicted for a violation of the liquor laws of this State. The defendant was a merchant, living outside of any incorporated town in Pickens county. He sold at his store cider, lemon extract, and Jamaica ginger. His customers bought cider (not intoxicating), which was

put in bottles. The customers also bought lemon extract and Jamaica ginger, and poured the lemon extract or Jamaica ginger into the bottle of cider and drank the compound. While the cider was not intoxicating, and contained less than the prohibited percentage of alcohol, the lemon extract and Jamaica ginger contained from 90 to 95 per cent. of alcohol, and, it was claimed by the State, made an intoxicating compound. The appellant claimed that the lemon extract was a food, and the Jamaica ginger was a medicine, and the sale was not a violation of the law. The appellant was convicted, and appealed, with five exceptions.

The appellant made a motion for a direction of verdict and for a new trial after conviction. Both motions were refused, and this forms the basis of the first and second exception. These two exceptions must share the fate of the third, fourth, and fifth exceptions.

The appellant treats the last three exceptions together as follows:

*"Third, Fourth, and Fifth Exceptions Relating to Judge's Charge.*—(1) His Honor charged the jury as follows: 'Now, gentlemen, a man cannot call it a malt, or say it is some kind of a patent medicine, and give it some name, and sell it, and say that it is sold as a drug or medicine, when this so-called drug or medicine is used by people simply to make themselves drunk.' (2) His Honor charged the jury in these words: 'In this case it is for you to determine whether or not these lemon extracts, or other extracts which have been exhibited here, contain alcohol in sufficient quantities, which, if drunk to excess, will produce intoxication.' (3) His Honor charged the jury as follows: 'I want to say this, gentlemen: That a mere name, calling a thing a medicine, will not be sufficient to change its name or character, even under the definition which I have read.' 'If it contains alcohol and is used as a beverage, and which, if drunk to excess, will produce intoxication, and has more than 1 per cent. of alcohol, the law says a man cannot sell it under

the laws of this State.' We contend that all three of the instructions were misleading and confusing to the jury, and detrimental and prejudicial to the defendant, for the reason that medicines and extracts can be sold in this State by merchants, if they do contain more than 1 per cent. of alcohol; so long as they are not sold as a beverage and the testimony failing to show that defendant sold them as such."

These exceptions cannot be sustained. The questions were questions of fact. If the liquids sold were used as a beverage, and contained the prohibited percentage of alcohol, then their sale was unlawful, if the seller knew that they were bought for that purpose. Were they so bought and used? That was a question for the jury. Even the Jamaica ginger, which ordinarily is used as a medicine, yet if sold as a beverage, the sale was unlawful. Was it so sold? That was also a question for the jury. The statutes forbade the sale of intoxicating liquors, by whatever name called, and that is just what Judge Rice told the jury.

The exceptions are overruled, and the judgment affirmed.