## 11358

### STATE v. ATKINS

#### (120 S. E., 487)

1. CRIMINAL LAW—EXCEPTION TO COURT'S CONDUCT NOT SUSTAINED, IN ABSENCE OF SHOWING OF PREJUDICE.—Where the Court's conduct in assisting a witness to answer a question is not shown to be prejudicial, an exception thereto cannot be sustained.

2. INTOXICATING LIQUORS—EVIDENCE OF VIOLATION OF THE PROHIBITION LAW ON DAY OTHER THAN ALLEGED DAY ADMISSIBLE.—Evidence of violation of the Prohibition Law on a day other than the day stated in the indictment is admissible, as time is not of the essence of the offense.

Before SEASE, J., Spartanburg. Appeal dismissed.

Geddes Atkins was convicted of violating the prohibition law and he appeals.

The first and second counts of the indictment were as follows:

At a Court of General Sessions, begun and holden in and for the County of Spartanburg, in the State of South Carolina, at Spartanburg Court House, in the County and State aforesaid, on the 1st Monday of December, in the year of our Lord one thousand nine hundred and twenty-two—

(1) The jurors of and for the County aforesaid, in the State aforesaid, upon their oath, present that Gettis Atkins, at Spartanburg Court House, in the County of Spartanburg and State aforesaid, on the 27th day of October, in the year of our Lord one thousand nine hundred and twenty-two, and on divers other days, both before and since that day, up to the taking of this inquisition, willfully and unlawfully did sell, barter, exchange, and deliver to one John Doe &

I. C. Arlidge spirituous, malt, and other liquors containing alcohol and used as a beverage, to wit, whiskey, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

(2) And the jurors aforesaid, upon their oath aforesaid, do further present, that Gettis Atkins on the 27th day of October, in the year aforesaid, at Spartanburg Court House, in the County and State aforesaid, did willfully and unlawfully receive and accept for unlawful use, and did store and keep in his possession for unlawful use, certain spirituous, malt, vinous, fermented, brewed, and other liquirs, to wit, whiskey, which contained alcohol, and are used as a beverage and for purpose of sale against the form of the statute in such case made and provided, and against the peace and dignity of the State.

The charge of Circuit Judge T. S. Sease was as follows:

After counsel had summed up the case to the jury, the Judge charged the jury as follows:

"Mr. Foreman and Gentlemen of the Jury: You must give the State and the defendant a fair and impartial trial, according to the law and the evidence. All persons that are accused of crime are presumed to be innocent. That presumption stays with them until 12 men are satisfied of their guilt beyond a reasonable doubt. Every person charged with crime is entitled to the benefit of every reasonable doubt. The defendant is not entitled to the benefit of every doubt, but the law is that he is entitled to the benefit of every reasonable doubt that might arise in the consideration of the case. You cannot write a verdict of guilty against him unless you are satisfied of his guilt beyond a reasonable doubt. You cannot write a verdict of guilty against him on mere suspicion, however strong that may be. Neither does the law require that the jury shall be dead certain of the guilt of a person before they may write a verdict of guilty against him, but the law seeks a middle course, and says that, when a jury has no reasonable doubt of the guilt

of a person, it is the duty of that jury to write a verdict of guilty, and, when they have a reasonable doubt as to his guilt, they will solve that doubt in his behalf and write a verdict of not guilty.

"The charge against this defendant is selling liquor, that is to say, selling alcoholic liquors containing more than one per cent. of alcohol and used as a beverage. The charge is that he sold to I. C. Arlidge. That is the first count. If you find that he sold liquor to Arlidge, and you believe so beyond a reasonable doubt upon the testimony here, it is your duty to write a verdict of guilty. You are the sole judges of the credibility of the witness and the force and effect to be given to their testimony. When the testimony comes out and is passed upon by the Court, it is your bounden duty to consider it one way or the other. You have no friends to reward and no enemies to punish. You will approach the consideration of the case in a judicial frame of mind, in an honest effort to reach a proper verdict according to the law and the evidence. In the trial of criminal cases, juries do not leave their common sense at home. They bring it with them, and use common sense in the solution of the questions submitted to you. The law is not complicated in a case of this kind. The second count charges the defendant with storing and keeping in his possession such liquors as I have described to you. The storing and keeping in possession, before you can write a verdict of guilty as to that, it must appear beyond a reasonable doubt that the person charged was in the habit of storing liquor or keeping it in his possession. It carries with it the idea of continuity, storing. Storing carries with it something more than just having in possession. Storing carries with it the element of time, and also carries with it the idea of a continuous thing or a habitual thing of having liquor in his possession. That is the second count of the indictment. The first count charges simply selling liquor, and it needs no explanation on the law of selling.

You know what a sale is. It is a transaction that is encompassed and explained by the word 'sell.'

"So the form of your verdict would be 'Guilty on the first count and not guilty on the second,' or 'Guilty on the second count and not guilty on the first,' or 'Guilty' or 'Not guilty.' Whatever verdict you write, you will write it out and sign your name and add the word 'Foreman' under it."

The appellant's exceptions were as follows:

(1) Because the Court erred in assisting the witness, I. C. Arlidge, to answer a question by defendant's counsel, as shown by the following:

"Q. These fellows you say you were the agent of to buy whiskey, had they been drinking? A. Why, yes; they said so.

"Q. You had been with them all the time? A. No, sir.

"Q. Where were they stopping? A. Cleveland Hotel.

"Q. They got in touch with you? A. Yes, sir; they were working through us.

"Q. You all were working together? A. Yes, sir; in the daytime.

"Q. They had run out of liquor? A. I don't know.

"Q. And they wanted some more, isn't that the truth? A. I couldn't tell you about that.

"Q. They didn't tell you they had any left? A. No, sir.

"Q. They were wanting a drink? A. Yes, sir; said so.

"Q. How long had they been drinking, if you know? A. I don't know, sir.

"Q. Did they look like they had had a plenty of it? A. Why, no; they didn't.

"Q. As a matter of fact, weren't they just begging for liquor and got you to get it for them? A. No, sir; they weren't begging for it.

"Q. You are not in the habit of going out and buying liquor for people, are you? A. No, sir.

"The Court: As I understand, they were friends of yours

and visiting here in town, and you wanted to accommodate them?

"The Witness: Yes, sir. They were working through our house, and we handled their account.

"Q. What I am trying to get at is this, did they need a drink or not? A. One of them said he did.

"Q. And they got you to go out and get it for them? A. Yes, sir."

This suggested answer by the Court being highly prejudicial to the defendant, in that it appears that the defendant's counsel was trying to discredit the witness by showing him to be a bootlegger himself and in the liquor business, by the cross-examination above set forth.

(2) Because the Court erred, over objection of defendant's counsel, in allowing the witness, E. A. Early, and other witnesses to testify to searching for liquor in defendant's home, and to testify that they found water bottles there with the smell of liquor, when it appears that the defendant was charged in the indictment for having in possession liquor on the 27th day of October, 1922, and after it had appeared that the defendant had been tried and acquitted in the Police Court for this charge, and the case for this charge had been dismissed against him by the United States Commissioner, and that the case had never been pushed for prosecution by the State in the Magistrate's Court, but, on the contrary, had been abandoned by the prosecution in said Court, all to the defendant's great prejudice, because the defendant came to trial prepared to meet the charge of having liquor in his possession and of selling liquor on October 27, 1922, and he was deprived of his right to have any witnesses present to contradict any testimony that might be produced against him for having liquor at any other time.

(3) Because the Court charged the jury as follows: "When the testimony comes out and is passed upon by the Court, it is your bounden duty to consider it one way or the

other." This charge, in connection with the admission of incompetent testimony set forth in the exceptions heretofore, was prejudicial to the defendant, as shown by their verdict, the jury convicting the defendant on both the first and the second counts when there was no testimony as to the second count except the testimony that the defendant objected to, and this charge by the Court impressed that testimony upon the jury to the defendant's great prejudice.

*Messrs. Nicholls & Wyche,* for appellant, cite: *Proof of other offenses or of other illegal sales improper:* 8 R. C. L., 198, 199; 13 Am. Rep., 549; 38 S. W., 993; 12 Cyc., 405; 3 Brev., 552; McKel., Evid. (2d Ed.), 187–188; 68 So., 673; 69 So., 227; 28 Cal. Ap., 670; 60 So., 214; 100 S. W., 920; 135 S. W., 124; 60 S. E., 37; 4 L. R. A., 582; 14 Pick., 519.

*Mr. I. C. Blackwood, Solicitor,* for the State.

December 7, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The appellant was indicted and convicted for violation of the prohibition law (Cr. Code 1922, §§ 820–888) on two counts, and the sentence was that he serve four months at hard labor.

The two counts in the indictment, the charge of his Honor, the presiding Judge, and the appellant's exceptions will be reported.

The exceptions will be considered in their regular order.

First Exception: Section 6 of the Rules of the Supreme Court contains these provisions:

"Each exception must contain a concise statement of one proposition of law or fact, which this Court is asked to review. * * * The exceptions should not be long or argumentative in form."

Waiving the question whether this exception was in proper form, it cannot be sustained, for the reason that

even if there was error, it has not been made to appear that it was prejudicial.

Second Exception: The case of *State v. Prater,* 59 S. C., 271; 37 S. E., 933, is conclusive of the question presented by this exception, as it shows that the allegation of a violation of the law on a particular day did not prevent the State from introducing testimony to prove the violation on some other day, unless time was of the essence of the offense, which it was not in the present case.

Third Exception: What has already been said in considering the other exceptions is conclusive of the question raised by this exception.

Appeal dismissed.