## 11569

### STATE v. EVERALL

#### (123 S. E., 824)

INTOXICATING LIQUORS—SUBMISSION OF CHARGE HELD NOT ERROR.—In prosecution for selling Jamaica ginger and storing alcoholic liquors, submission of charge based on liquor law *held* not error.

Before PEURIFOY, J., Lancaster, September, 1922. Affirmed.

C. H. Everall was indicted for a violation of the prohibition law, and upon conviction appeals.

*Mr. J. Harry Foster,* for appellant, cites: *Requirements of indictment:* Art. 1, Sec. 18 Const., 1895; 54 S. C., 196; 45 S. C., 512; 14 S. C., 353; 10 Rich., 374; 1 Rich., 179; 84 S. C., 545; 45 S. C., 483; 55 S. C., 322; 15 S. C., 10; 85 S. C., 280; 54 S. C., 181.

*Mr. J. L. Glenn, Solicitor,* for the State.

August 8, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was indicted for selling Jamaica ginger and storing alcoholic liquors. The defendant was convicted and sentenced by Judge Peurifoy to the penitentiary for two years.

The exceptions, six in number, raise two questions, charging on facts and submission of a charge not included in the indictment. These exceptions are overruled, under the authority of *State v. Johnson,* 113 S. C., 350; 101 S. E., 851.

Affirmed.

MR. JUSTICE FRASER concurs.

MR. JUSTICE MARION concurs in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN (dissenting): The defendant was convicted and sentenced to two years' imprisonment under an indictment containing three counts: (1) Selling Jamaica ginger, a liquor alleged to contain alcohol and used as a beverage; (2) receiving, accepting for unlawful use, storing, and keeping in possession for unlawful use, Jamaica ginger and extracts alleged to contain alcohol and used as a beverage; (3) receiving, accepting, and having in possession more than a gallon of spirituous liquor containing more than 1 per cent. of alcohol and used as a beverage.

In my opinion the indictment upon its face shows that the defendant was not indicted under Section 888, Cr. Code,

1922, relating to tonics, bitters, drugs, medicines, toilet articles, or other compounds containing alcohol. It is equally clear that his Honor the Circuit Judge, in his charge to the jury, treated the prosecution as one under that section. That this was prejudical to the defendant is manifest.

It will in reason be assumed that Section 888 was intended to cover a case not covered by the general law upon the subject of intoxicating liquors of force at the time of its enactment (A. D. 1919) ; otherwise, its enactment would have been a useless ceremony. Aside from this assumption, it is clear that the inhibited practice was not covered by the existing law. As a matter of fact the section has omitted entirely reference to the intoxicating character of the compound. The essential elements of the crime constituted by the act are that the compound shall contain alcohol "in a greater quantity than is necessary for the purpose of extraction, solution, or preservation of such preparation," and that it *"can be used as a beverage."* The assumption appears to be that, if it does contain such excess of alcohol, the compound, *ex vi necessitate,* is intoxicating. . So that the element of such excess of alcohol is doubly made an essential element in the statutory crime.

The act evidently was intended to tighten up the prohibition law and meet a deplorable tendency which had not been apprehended. It added to the prohibited beverages, not only those commonly used as a beverage, but those "which *can be"* so used, and cast upon the seller the burden of proving that "the same was for medicinal use." In a prosecution under that act it became necessary for the state to allege and prove that the compound contained alcohol in the prohibited degree. The indictment contains no allegation of this essential element, and cannot be sustained as one for the violation of the act.

It is a familiar principle that an indictment, under a statute charging an offense made a crime thereby, must allege the essential elements prescribed by the statute. "It

has been a settled rule of pleading in this state from early times that, in order to charge a statutory offense, every ingredient necessary to make up the crime must be alleged in the indictment and proved by the prosecution." *State v. Turner,* 82 S. C., 278, 281; 64 S. E., 424, 425 (17 Ann. Cas., 88). See also, *State v. Foster* 3 McCord, 442. *State v. O'Bannon,* 1 *Bailey,* 144. *State v. Henderson,* 1 Rich., 184. *State v. Coleman,* 17 S. C., 473. *State v. Evans,* 18 S. C., 137. *State v. Jeter,* 47 S. C., 2; 24 S. E., 889. *State v. Jeffcoat,* 54 S. C., 196; 32 S. E., 298. *State v. Mc-Kittrick,* 14 S. C., 346. *State v. Powell,* 10 Rich., 373. *State v. Boice,* Cheves, 77. *State v. Thomas,* 2 McCord, 527. *State v. Bouknight,* 55 S. C., 353; 33 S. E., 451; 74 Am. St. Rep., 751.

I am of opinion that, when his Honor the Circuit Judge treated the indictment as one under Section 888, and imposed upon the defendant the liability and burdens provided therein, he committed reversible error.