## 11850

### STATE v. DEADWYLER

#### (130 S. E., 332)

1. CRIMINAL LAW—MANNER OF PRESENTING QUESTION OF FORMER CONVICTION IN TRIAL COURT HELD SUFFICIENT TO WARRANT REVIEW ON MERITS.—Where defendant's counsel, before jury was sworn, stated to Court that he wished to interpose plea of former conviction on grounds stated, and Court *held* that position was not well taken, and trial proceeded, *held* question was reviewable by appellate Court on merits, though not presented in approved manner in trial Court.

2. CRIMINAL LAW—PLEA OF AUTREFOIS CONVICT HELD NOT SUSTAINED.—Under Civ. Code 1922, § 2415, prohibiting practice of medicine without license, and declaring each day's violation a separate offense, where chiropractor was charged by indictment with unlawfully practicing on one P. and others on November 1, 1923, "and divers other days, both before and after said date," and by second indictment with practicing on one E. "and other persons" on May 28, 1924, *held,* that conviction under first indictment was insufficient to support plea of autrefois convict as to prosecution under second indictment.

3. PHYSICIANS AND SURGEONS—INDICTMENT MUST ALLEGE WANT OF LICENSE, BUT STATE NEED NOT PROVE FACT.—In prosecution, under Civ. Code 1922, § 2415, for practicing medicine without license, state must allege that defendant had no license, but need not prove more than that he practiced; burden then being on defendant to show his license, if any.

4. CRIMINAL LAW—TESTIMONY OF MEMBER OF STATE MEDICAL BOARD BASED ON PERSONAL KNOWLEDGE HELD ADMISSIBLE AS AGAINST OBJECTION THAT RECORD OF BOARD WAS BEST EVIDENCE.—In prosecution of chiropractor for practicing without license, in violation of Civ. Code 1922, § 2415, where doctor, member of state board of medical examiners, testified that he knew of his own knowledge

whether defendant had passed board of examiners and received license, it was competent for him to testify as to such matters as against objection that record of board was best evidence.

Before BONHAM, J., Anderson, Summer term, 1925. Affirmed.

L. H. Deadwyler was convicted of practicing medicine without a license, and he appeals.

*Messrs. Faucett & Johnston,* for appellant, cite: *Effect of indictments with continuando "and on divers other days both before and after said date":* 59 S. C., 275. *Former jeopardy:* 76 S. C., 72; Dudley 12; 2 McM., 395; 65 S. C., 190; 86 S. C., 296; Const. of 1895, Art. 1, Secs. 5, 17 and 18; Crim. Code, 1922, Sec. 92. *When 'necessary to prove time as laid:* 3 Rich., 176; 13 S. C., 392; 65 S. C., 187; 86 S. C., 299; 120 S. E., 489. *Board of Medical Examiners to keep records:* Civ. Code, 1922, Sec. 2409. *Temporary license to practice medicine:* Civ. Code, 1922, Sec. 2403. *Best evidence rule:* 1 Peters, 591; 97 S. E., 417. *Record required by law to be kept as best evidence:* 7 S. C., 224; 73 S. C., 258; 10 S. C. L., 155; 15 S. C. L., 372; 11 Rich., 415.

*Mr. L. W. Harris, Solicitor,* for respondent, cites: *Each exception must be complete in itself:* Rule 5 of Supreme Court, Sec. 6. *Duty of defendant to show license:* 1 McM., 573; 21 S. C., 318; 13 S. E., 317; 14 S. E., 819; 82 S. C., 995. *Records of past acts not best evidence:* 2 Wigmore on Evid., 2nd Ed., 1010, 848 and 853; 22 C. J., 987; 10 R. C. L., 903. *Parol evidence to prove existence of written instrument:* 20 S. E., 905. *Former jeopardy raised by special plea:* 109 S. E., 135. *Motion to quash addressed to discretion of Court:* 20 S. C., 392. *Question not raised in lower Court:* 113 S. E., 119. *Practice of medicine without license prohibited:* Crim. Code, 1922, Sec. 390. *Practice of medicine defined:* Civ. Code, 1922, Sec. 2400; 54 S. E., 801; 68 S. E., 568; 112 S. E., 62. *Whether two indictments charge same offense question of fact:* 1 Rich.,.

90; 8 Rich., 312; 32 S. E., 298; 71 S. E., 987; 68 S. E., 568. *Former jeopardy:* 72 Tex. Cr., 265; 162 S. W., 363; 105 Fed., 508; 44 C. C. A., 324; 109 S. E., 135; 120 S. E., 497.

November 5, 1925.

The opinion of the Court was delivered by MR. ACTING ACTING ASSOCIATE JUSTICE R. O. PURDY.

It appears from the testimony that the defendant is a chiropractor. On the first Monday in November, 1924, there were two indictments found against him for practicing medicine without a license; the first charging that he practiced upon one J. A. Pruitt and other persons on November 1, 1923, and divers other days both before and after said date, and the second indictment charging that he committed a like offense by practicing on one Bill Edwards and other persons on May 28, 1924, and on divers other days both before and after said date.

He was tried at the November, 1924, term of the Court, held for Anderson County, was convicted and served his sentence. He was put on trial at the summer, 1925, term of the Court of General Sessions, under the second indictment. Through his attorney, he demurred to the indictment, upon the ground that the trial and conviction had at the November, 1924, term of the Court embraced all matters prior to that date, as to time and persons, and constituted a bar to the last indictment.

The Court, Hon. M. L. Bonham, presiding, overruled the demurrer, and conviction followed. The defendant then moved in arrest of judgment, on the ground that he had already been tried and convicted for an offense embracing the charge against him in this case, and upon the further ground that there was no competent testimony to show that he had practiced his profession without a license, alleging specific error in admitting the testimony of Dr. Lander, a member of the State Medical Board, instead of producing

the record or register of the Board to show that no license was granted. This motion was denied.

The defendant then appealed upon three exceptions in number, but, as the third exception simply alleges error in not granting the defendant's motion in arrest of judgment on the grounds stated in the other two exceptions, there is no point raised by it, other than as stated in the first two exceptions, and there is nothing to consider as growing out of the third exception.

The first exception imputes error in not sustaining the plea of former jeopardy, upon the ground that the indictments show upon their faces that they cover the same crime as alleged, embrace the same period, and were found at the same time by the same grand jury, with no specific date proven, and that the former indictment "covered the whole field."

The second exception imputes error in allowing Dr. Lander, a witness for the State, to testify, over the objection of the defendant's attorney, that the defendant had not obtained a license from the State Board of Medical Examiners; the error alleged being that the witness was permitted to testify from his own knowledge, instead of producing the records of the Board, and that Dr. Lander had only been a member of the Board since 1918, and could not possibly have had any knowledge before that time as to who had obtained licenses.

The learned Solicitor has urged before the Court, as well as in his printed argument, that the plea of former jeopardy is not properly before this Court. It appears from the record, however, that the defendant was convicted of the offense at the November, 1924, term of the Court, and that his counsel brought this to the attention of the Court, and it was there treated of practically as though it were on the merits.

Before the jury was sworn, the defendant's attorney stated to the Court that he wished to interpose the plea of

former conviction, on the ground that the other indictment, under which the defendant was convicted at the presiding October term of the Court, covers this indictment also, and for that reason he would like to enter the plea of former jeopardy. The attorney stated to the Court that the indictments wer the same, with the exception of the date, contending that, as the defendant was tried at the November term of the Court, that would constitute a defense to this case.

The Court, in disposing of this matter, did not dispose of it as a matter not properly brought before it, but held as follows:

"Mr. Johnston, would you contend that, if a man were charged with a violation of the prohibition law, and three or four indictments are found against him by the same grand jury, and he is tried on one, that would sustain the plea of *autrefois convict* on the other?"

The Court then held the position not well taken, and the trial proceeded.

Without holding that this was the proper manner in which to present the question to the Court, we think there is sufficient in the record for us to hold that the question of former jeopardy was presented to the Court, and we will consider and dispose of the case on the merits of the appeal.

The statute (Civ. Code 1922, § 2415 ) under which these indictments were brought is as follows:

"It shall be unlawful for any person or persons to practice medicine or surgery, or any branch or specialty of the same, within the meaning of this Article [Article 2, c. 23, Civil Code], in this State, who has failed to comply with the provisions of this Article, and any one violating said provisions shall be deemed guilty of a misdemeanor and for each offense, upon conviction by any Court of competent jurisdiction, shall be fined in any sum not less than one hundred dollars nor more than five hundred dollars, or imprisonment in the county jail for a period of not less

than thirty nor more than ninety days, or both, at the discretion of the Court, and that each day of such violation shall constitute a separate offense."

It will be seen from the concluding words of this statute that "each day of such violation shall constitute a separate offense."

It is claimed, however, that the use of the words "of divers other days before before and after said date" embraces all of the time prior to the finding of the true bill under the indictment, and that the words "upon one Bill Edwards and other persons" embraced all persons up to such time, and that the conviction under the first indictment not only embraces the conviction for practicing upon J. A. Pruitt, but upon all other persons, and at all other times prior to that date.

There are a great many authorities on this subject, but it will be sufficient to limit the citation to authorities which, taken in connection with the statute, dispose of this exception.

Quoting from the *State v. Cassety,* 1 Rich., 90:

"This was an indictment for retailing spirituous liquors without license. The defendants had been convicted on another indictment, which was found at the same time, and by the same grand jury which found the one in this case. Both offenses were committed before the term at which the indictments were found. The indictment in the case in which the defendants were convicted charged a retailing to A. B. and to divers other persons. The indictment in this case charged a retailing to C. D. and divers other persons. The conviction was pleaded in bar." The Court sustained the plea under authority of *State v. McBride,* 4 McCord, 332."

On appeal, it was held as follows:

"We think that decision is erroneous, and must be overruled; for if the offense consists in a single act, as is shown by *Mooty's Case* [3 Hill, 187] it cannot be that it bars a

prosecution for any other act. It is held further that the 'divers other persons' was mere surplusage, and the indictments are to be regarded as standing upon the respective charges of a retailing to A. B. and C. D. In that point of view, the conviction in one was no bar to the other."

See, also, *State v. Jeffcoat,* 54 S. C., 196; 32 S. E., 298. *State v. Couch,* 54 S. C., 286; 32 S. E., 408.

The proving of the date of the commission of the act in this case was not material. It was only to allege with certainty the person upon whom the defendant practiced. This was done by naming "one Bill Edwards," and this was sufficient. See *State v. Prater,* 59 S. C., 271; 37 S. E., 933, cited in *State v. Atkins,* 126 S. C., 459; 120 S. E., 487.

Adopting the language used by the Solicitor in the conclusion of his argument:

"The November term of Court case charged the practice upon one J. A. Pruitt, the case at bar, upon one Bill Edwards, and the date of which was six months later than the former. There can be no contention that the facts to prove the two cases were the same, because the subject of the practicing was two separate and distinct persons.

"Also we have seen in the *Cassety Case* that charging 'to divers other persons' does not bring the case within the rule of former jeopardy. In the *Prater Case* it is held 'on divers other days before and after the finding of the bill' does not bring the case within the rule of former jeopardy."

But the defendant says that it was incumbent on the State to show that he did not have a license. No question is raised as to the proof of the fact that the defendant did practice on one Bill Edwards. It was made unlawful to do so, by statute, without having a license. This being so, while it was necessary to make the negative averment in the indictment, the act having been proven, it was incumbent upon the defendant to show that he had a license.

The case at bar is analogous in principle to the case of selling liquor without a license. In such cases, while it was necessary to allege that the selling was without license, it was not incumbent upon the State to prove it. In the case of the *State v. Geuing,* there was a prosecution for retailing liquor without a license. The fact of selling having been proven, the Court held:

"It is the opinion of the Court that the burden of the proof lay on the defendant, and that it was incumbent on him to show that he had been licensed to retail; a fact, which if it existed, could easily have been made to appear by the adduction of his license." *State v. Geuing,* 1 McCord, 573.

There are many authorities supporting this principle but none of them state it any more clearly than the case cited, and therefore, it would not be profitable to incumber the record with them. It has been declared to be the law and remains so, and hence, even if the testimony of Dr. Lander should not have been admitted, the defendant cannot complain. He knew whether he had a license and could have produced it, and he offered no testimony. But we are of the opinion that his Honor, the trial Judge, did not commit any error in admitting the testimony of Dr. Lander. The following appears in the record:

"The Court: If the witness knows of his own knowledge as a substantive fact that the defendant has not passed the Board of Examiners and received his license, I think it is competent for him to say so."

Following this, these questions were propounded to the witness and answered by him, over the objection of the defendant's attorney, as not being the best evidence:

"Q. Has he taken the examination of the board? A. He has not.

"Q. Has he been granted any regular license to practice? A. He has not.

"Q. Has he been granted a license to practice any specialty, such as chiropractic or osteopathy, or any separate

part of the business of practicing? A. He has not. He has never appeared before the board.

"Q. Never been granted any kind of license? A. No, sir."

This in no way alters the rule that the best evidence must be produced. One can always speak of his own knowledge of substantive facts within his knowledge. He must know the facts, and, knowing them, can relate them.

The exceptions, therefore, must be overruled, and the judgment should be, and is, affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE WATTS dissents.